# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1449

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Michael T. JoDon, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed:  September 20, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

After Michael T. JoDon transmitted a picture of his genitals to a minor over the Internet, JoDon pleaded guilty to transportation of obscene matter in violation of 18 U.S.C. § 1465.  As a part of the plea agreement, JoDon waived his right to appeal the sentence imposed under the sentencing guidelines unless the district court[*] sentenced him outside the applicable guidelines range.  Although JoDon's sentence falls within the guidelines range, JoDon now challenges the district court's imposition of special

_____

[*]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

conditions of supervised release barring JoDon from engaging in activities providing access to children, loitering near certain areas frequented by children, or having a post office or private mail box, without his probation officer's earlier approval. In coming to grips with JoDon's claim, we need not decide whether JoDon's waiver of his right to challenge the sentence forecloses his right to contest the conditions of his supervised release. Instead, we simply consider and reject JoDon's claim on the merits. Contrary to JoDon's view, the challenged conditions are reasonably related to his crime and his rehabilitation, they are intended to protect the public from this convicted sexual offender, and they involve no greater restraint of liberty than reasonably necessary to accomplish their purposes. See United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999); United States v. Bee, 162 F.3d 1232, 1235 (9th Cir. 1998), cert. denied, 526 U.S. 1093 (1999). Like the district court below, we also reject JoDon's argument that the written judgment does not accurately reflect the sentence imposed by the district court. See, e.g., United States v. Holloway, 960 F.2d 1348, 1358-59 (8th Cir. 1992). We thus affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-