# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3712

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Joseph F. Heidebur, | * | Eastern District of Missouri |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 11, 2005
Filed:  July 26, 2005

_____

Before COLLOTON, McMILLIAN and BENTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Joseph F. Heidebur (defendant) appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri granting the government's petition to modify the conditions of his supervised release. United States v. Heidebur, No. 1:95CR00052 (E. D. Mo. Oct. 29, 2004) (Order Modifying the Terms of Supervision) (hereinafter "Order").  For reversal, defendant argues that the district court abused its discretion in imposing two special conditions of supervised release

_____

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

which, he contends, involve greater deprivation of liberty than is reasonably necessary. We affirm.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

## Background

In the underlying criminal matter, defendant was indicted on August 22, 1995, on one count of possession of materials involving the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment was based on three sexually explicit photographs, found in defendant's home, which he had taken of his twelve-year-old stepdaughter. Defendant was tried before a jury and found guilty. On appeal, this court vacated the conviction based upon an evidentiary issue. United States v. Heidebur, 122 F.3d 577 (8th Cir. 1997) (holding that district court's admission of evidence that defendant had sexually molested his stepdaughter was improper because it showed propensity and was not probative of his knowing possession of the photographs). On remand, defendant pled guilty. On January 12, 1998, defendant was sentenced to sixty months imprisonment and two years of supervised release.

After defendant had completed his prison term, the government filed a petition requesting that the conditions of his supervised release be modified. The government proposed numerous additional conditions, of which defendant opposed two on the ground that they would deprive him of liberty more than is reasonably necessary. The district court held a hearing on the matter, and on October 29, 2004, issued its order modifying the terms of defendant's supervised release. The district court imposed eight additional special conditions, including the following two which defendant had opposed:

2.  The defendant shall participate in a sex-offense specific treatment program.  The defendant shall enter, cooperate, and complete said program until released by the United States Probation Officer.  The defendant shall abide by all policies and procedures of the sex-offense specific program.  During the course of said treatment, the defendant shall be subject to periodic and random physiological testing which may include but is not limited to polygraph testing and/or other specialized assessment instruments.  The defendant shall contribute to the cost of treatment in an amount to be determined by the probation office.

3.  The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

Order at 1.


Defendant timely appealed.


**Discussion**


We review the imposition of a special condition of supervised release for an abuse of discretion.  United States v. Carlson, 406 F.3d 529, 531 (8th Cir. 2005).  "District courts are normally afforded wide discretion in imposing terms of supervised release."  United States v. Kent, 209 F.3d 1073, 1075 (8th Cir. 2000) (Kent).

In Kent, we noted that the district court, at *sentencing*, must consider the following factors:

(1) the nature and circumstances of the offense and the defendant's history and characteristics; and (2) the need for the sentence to (A)

reflect the gravity of the offense, promote respect for the law, and justly punish the defendant for the unlawful behavior, (B) adequately deter criminal behavior, (C) protect the public, and (D) effectively provide necessary educational or vocational training, medical attention, or other correctional treatment.

Id. at 1075-76 (citing 18 U.S.C. § 3553(a)(1), (2)(A)-(D) (1998)).

We then went on to explain that each of the above factors, with the exception of subsection (2)(A), are "equally applicable considerations in the imposition of a term of supervised release." Id. at 1076 (citing 18 U.S.C. § 3583(c)). Moreover, we noted, U.S.S.G. § 5D1.3(b) also addresses conditions of supervised release, and it "mirrors § 3583(c)'s adoption of § 3553(a)." Id. Both 18 U.S.C. § 3583(d)(2) and U.S.S.G. § 5D1.3(b) instruct that conditions of supervised release should not involve a greater deprivation of liberty than is reasonably necessary.

In the present case, defendant argues that special condition No. 2, requiring him to participate in a sex-offense specific treatment program, is not justified by any specific concerns articulated by his probation officer at the hearing and, moreover, it jeopardizes his ability to comply with another condition of his supervised release, retaining employment. See Brief for Appellant at 11-12. In support of the latter contention, he notes that he objected to this special condition at the hearing on the ground that he lives and works in rural Ste. Genevieve County, and it would take him several hours to travel to and from the City of St. Louis, the only place where he could attend the required type of treatment program. He further points out that, although the probation officer testified that she would not consider it a violation if he were to lose his employment because of his participation in a required treatment program, there is no certainty that she will continue to be his probation officer for the duration of his supervised release.

Upon review, we conclude that special condition No. 2 is justified by several relevant factors, including: the nature and circumstances of the underlying criminal offense, defendant's history and characteristics, the need to deter future criminal behavior, and the need for effective correctional treatment. See 18 U.S.C. § 3553(a)(1), (2)(B)-(D). Having been convicted of possessing materials involving the sexual exploitation of his twelve-year-old stepdaughter, defendant is not in a position to argue that it was inappropriate for the district court to require him to participate in a sex-offense specific treatment program. Cf. Kent, 209 F.3d at 1076-78 (where the defendant had been convicted of mail fraud and attempting to interfere with a financial institution's reporting compliance, holding that the district court abused its discretion in imposing a special condition of supervised release requiring participation in mental health counseling at the probation officer's direction where the government conceded that the special condition was unrelated to the defendant's offenses). Moreover, although the probation officer testified that she knew of only one outpatient sex-offense specific treatment program in the area, she further testified that the program entails only one meeting per week in the evening. In view of the seriousness of the underlying offense, the appropriateness of the treatment program being required, the improbability that the program will significantly interfere with defendant's employment, and the probation officer's testimony that a loss of employment would not be considered a violation if caused by the required treatment, we hold that the minimal deprivation of liberty that may result from special condition No. 2 is not greater than that which is reasonably necessary under the circumstances.

Defendant also challenges special condition No. 3, prohibiting him from contact with children under the age of 18 unless the probation officer has given prior written permission or defendant reports such contact to the probation officer within 24 hours. Defendant argues that the district court abused its discretion in imposing this special condition because it is unreasonably vague, it is not justified by any specific concerns articulated at the hearing, and it is not "finely tuned" to his particular circumstances. Brief for Appellant at 13-14.

As previously emphasized, defendant was convicted of conduct involving the sexual exploitation of a minor. Special condition No. 3 is justified by several relevant factors set forth in 18 U.S.C. § 3553(a)(1), (2)(B)-(D), including: the nature and circumstances of the underlying criminal offense, defendant's history and characteristics, the need to deter future criminal behavior, and the need to protect the public. The deprivation of liberty that may result from special condition No. 3 is not greater than that which is reasonably necessary under the circumstances. See United States v. Jodon, 2001 WL 1098100 (8th Cir. 2001) (unpublished) (per curiam) (upholding a special condition of supervised release restricting the defendant's access to children where the defendant had pled guilty to transportation of obscene matter after he transmitted a sexually explicit picture of himself over the internet to a minor); United States v. Bee, 162 F.3d 1232, 1235 (9th Cir. 1998) (upholding special condition of supervised release restricting the defendant from unapproved contact with children under the age of 18 where the defendant had been convicted of engaging in abusive sexual contact with a child under the age of 12), cert. denied, 526 U.S. 1093 (1999).

## Conclusion

The district court did not abuse its discretion in imposing the special conditions of supervised release challenged by defendant. The order of the district court is affirmed.

_____