# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-3770

—————

United States of America,      *

         *

     Plaintiff-Appellee,      *

         *   Appeal from the United States

    v.            *   District Court for the

         *   Northern District of Iowa.

Gerald Leroy Vick, II,      *

         *      [PUBLISHED]

     Defendant-Appellant.      *

—————

Submitted:   May 12, 2005
Filed:   August 16, 2005

—————

Before MORRIS SHEPPARD ARNOLD, LAY, and BENTON, Circuit Judges.

—————

PER CURIAM.

Defendant Gerald Vick pled guilty to possession of child pornography. The district court sentenced Vick to thirty-three months in prison, the statutory maximum under the United States Sentencing Guidelines, and three years of supervised release. The district court refused to apply Blakely v. Washington, 124 S. Ct. 2531 (2004), but imposed an alternative discretionary sentence of fifty-one months in the event that the guidelines were held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). One of the conditions imposed upon Vick's supervised release was that he was to have no contact with children under the age of eighteen, including his daughter, unless he was given prior written consent by his parole officer. Vick argues

that the district court abused its discretion by imposing a condition upon his supervised release which forbids him from seeing his daughter without written consent from his parole officer.

We uphold the district court's supervised release conditions. The special condition that Vick have no contact with children under the age of eighteen without the written consent of his probation officer was tailored to his extensive history with minors, was reasonably related to the nature of seriousness of his offense, and was needed to deter Vick and protect the public. See U.S.S.G. § 5D1.3(b).

Accordingly, the conditions imposed by the district court upon Vick's supervised release are AFFIRMED.

_____