# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3094

_____

United States of America,     *
             *
     Appellee,    *
             * Appeal from the United States
  v.         * District Court for the
             * District of Nebraska.
Duane Levering,      *
             *
     Appellant.   *

_____

Submitted: January 12, 2006
Filed: March 17, 2006

_____

Before SMITH, and HANSEN, Circuit Judges, and BOGUE,[1] District Judge.

_____

SMITH, Circuit Judge.

Duane Levering pleaded guilty to knowingly using force to engage in a sexual act with T.E., a juvenile female who had attained her twelfth birthday but not her fourteenth birthday, and was at least four years younger than Levering, in violation of 18 U.S.C. §§ 2241(c) and 1153. The district court[2] sentenced Levering to 87 months' imprisonment and 5 years of supervised release with a special condition of

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

supervised release prohibiting him from having any contact or residing with any female children under the age of 18, including his own children, unless he obtained prior, written approval from his probation officer. Levering appeals, challenging the validity of the special condition. We affirm.

I. *Background*

While with his 13-year-old cousin, T.E., and her sister, Levering asked T.E. to accompany him to their grandmother's house, telling her that someone at the house wanted to see her. T.E. assumed that Levering meant a friend who she had not seen in sometime. T.E. and her sister accompanied Levering until Levering explained that only T.E. could come with him. The sister protested but then relented.

While Levering and T.E. were walking, they observed a police car and ran and hid in some tall grass and trees. Levering then explained to T.E. that no friend was waiting at their grandmother's house to see her. T.E. attempted to leave, but Levering stopped her and told her that he wanted to have sex. T.E. declined, reminding him that they were related. When T.E. again tried to leave, Levering grabbed her, removed her pants, laid on top of her, covered her mouth with his hands, and forced penetration. Levering ignored her pleas for him to stop.

T.E. then struck Levering in the head with a camera she was carrying in order to escape. She immediately told her sister about the rape. T.E. and her sister then went to the police station to report the rape. Levering, however, was already at the police station, repeatedly telling the police officer that he had done something "really bad."

Levering was subsequently charged with knowingly using force to engage in a sexual act with T.E., a juvenile female who had attained her twelfth birthday but not her fourteenth birthday, and was at least four years younger than Levering, in violation of 18 U.S.C. §§ 2241(c) and 1153. After Levering pleaded guilty to the charge, the United States Probation Office prepared a presentence report ("PSR") that

calculated Levering's base offense level at 30 pursuant to U.S.S.G. § 2A3.1(a). The PSR added a four-level enhancement for the use of violence pursuant to U.S.S.G. § 2A3.1(b)(1). The probation officer justified the enhancement based on the victim's statement that she fought with Levering during the sexual assault and hit him with a camera to escape. In addition, Levering's clothing and the victim's clothing showed evidence of a struggle because they were ripped and grass stained. A two-level enhancement was added pursuant to U.S.S.G. § 2A3.1(b)(2)(B) because the victim had attained the age of twelve years but had yet to attain the age of sixteen. Levering, however, was credited with a three-level adjustment for acceptance of responsibility, resulting in a total offense level of 33. His offense level of 33, paired with a Criminal History Category I, resulted in a Guidelines imprisonment range of 135–168 months.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and Levering stipulated that the four-level enhancement pursuant to § 2A3.1(b)(1) for use of violence should not apply. The stipulation reduced his total offense level to 29, resulting in an adjusted Guidelines range of 87–108 months.

The district court accepted the plea agreement and Levering's plea of guilty. The district court, however, denied Levering's request for a deviation from the Guidelines based on Levering's diminished capacity and fetal alcohol syndrome.

The district court sentenced Levering to 87 months' imprisonment and 5 years of supervised release. One of the special conditions of Levering's supervised release was that Levering could "have no contact, nor reside with female children under the age of 18, including his own children, unless approved in advance and in writing by the probation officer in consultation with the treatment providers. The defendant must

report all incidental contact with children to the probation officer and the treatment provider."[3]

While Levering did not have any children at the time of sentencing, the district court observed that if and when Levering did have children "all we need to do is have some interaction between him and the probation officer to make sure that everything's in place so that there's no problem."

Levering appeals, arguing that the district court abused its discretion in imposing the special condition restricting his contact with female juveniles. In addition, Levering argues that the special condition constituted an improper delegation of the court's authority to the probation officer.

## II. *Discussion*
### A. *Imposition of a Special Condition*

Levering first argues that the special condition prohibiting his contact with juvenile females is not reasonably related to the statutory sentencing goals and is a greater deprivation of liberty than is reasonably necessary to protect the public.

"It is fundamental that a district judge has wide discretion in formulating the terms of supervised release." *United States v. Bass*, 121 F.3d 1218, 1223 (8th Cir. 1997). The district court's discretion, however, is limited by the requirement that the conditions be "reasonably related to § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission." *United States v.*

---

[3]The district court originally imposed a condition prohibiting Levering from contacting or residing with *any* children under the age of 18; however, after Levering's counsel objected to the condition, the district court struck the condition, prohibiting Levering from having contact with only *female* children.

*Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006). We review the district court's imposition of special conditions of supervised release for abuse of discretion. *Id.*

While Levering argues that a total prohibition on contact with juvenile females is not reasonably related to the statutory sentencing goals and is a greater deprivation of liberty than is reasonably necessary to protect the public, we have, on several occasions, approved "virtually identical supervised release conditions" for defendants guilty of less egregious conduct than Levering. *See e.g.*, *Mickelson*, 433 F.3d at 1057 (upholding as reasonable a special condition prohibiting defendant, who pleaded guilty to receiving child pornography, from having contact with anyone under the age of 18 without the express written permission of the probation officer); *United States v. Mark*, 425 F.3d 505, 507–08 (8th Cir. 2005) (upholding special condition prohibiting defendant, who was convicted of possessing child pornography, from having any contact with, or residing with, any children under 18 years of age, including his own children, unless the probation officer gave prior approval in writing); *United States v. Crume*, 422 F.3d 728, 733–34 (8th Cir. 2005) (rejecting the argument of defendant, who was convicted of knowingly receiving child pornography, that the special condition prohibiting him from "contact with children under the age of 18 without the written consent of his probation officer" was an "unnecessary deprivation of his liberty interest in having contact with his own children" because the condition did not completely bar him from interacting with his children); *United States v. Heidebur*, 417 F.3d 1002, 1004 (8th Cir. 2005) (upholding a special condition that prohibited the defendant from contact with children under the age of 18 unless the probation officer gave prior written permission because the deprivation of liberty was not greater than that which is reasonably necessary under the circumstances, considering the defendant was convicted of conduct involving the sexual exploitation of a minor); *United States v. Vick*, 421 F.3d 794, 795 (8th Cir. 2005) (upholding a supervised release condition that prohibited the defendant, who was convicted of possessing child pornography, from having any contact with children under the age of 18, including his daughter, unless he received prior written approval

from his probation officer because the condition was tailored to the defendant's "extensive history with minors, was reasonably related to the nature of seriousness of the offense, and was needed to deter [the defendant] and protect the public").

Because Levering pleaded guilty to the forcible rape of a female juvenile, "requiring prior approval before [Levering,] a convicted sex offender[,] has contact with minors is a reasonable means of ensuring that such contact remains appropriate." *Mickelson*, 433 F.3d at 1057. Therefore, we hold that the district court did not abuse its discretion by imposing the special condition.

## B. *Delegation of Authority*

Levering's second argument is that the special condition is an improper delegation of judicial power to the probation officer.

"Conditions delegating limited authority to non judicial officials such as probation officers are permissible so long as the delegating judicial officer retains and exercises ultimate responsibility." *Mickelson*, 433 F.3d at 1056. In *Mark*, we rejected the defendant's argument that the district court impermissibly delegated judicial power to the probation officer by mandating that the defendant get the probation officer's written approval in advance before contacting or residing with children under the age of 18 because "there [was] no indication that the court delegated ultimate responsibility over the situation to the probation officer." 425 F.3d at 508.

Here, the district court, as in *Mark*,"gave no indication that it would not retain ultimate authority over all of the conditions of [Levering's] supervised release . . . ." *Mickelson*, 433 F.3d at 1057. Instead, the district court indicated the importance of it "hav[ing] some input on th[e] issue [of Levering's contact with female juveniles]." Therefore, we hold that the special condition was not an improper delegation of judicial power to the probation officer.

-6-

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____