# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3738

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Western District of Missouri.
Mark T. Davis,                       *
                                     *
            Appellant.               *

_____

Submitted:  March 16, 2006
Filed:  July 11, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

ARNOLD, Circuit Judge.

Mark Davis pleaded guilty to receiving child pornography.  *See* 18 U.S.C. § 2252(a)(2).  At sentencing, Mr. Davis moved to withdraw his plea.  The district court denied the motion, holding that there was no fair and just reason for a withdrawal.  On appeal, Mr. Davis challenges that ruling as well as a condition of supervised release forbidding him from having any unsupervised contact with minors. For reasons that follow, we affirm Mr. Davis's conviction but modify the condition of supervised release.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

## I.

As part of an investigation into the online distribution of child pornography, FBI agents came across what is known as a Yahoo! Group that was named "secret_girlzz." In that group, the agents found several images of child pornography that had been uploaded from a personal computer by a person using the user ID "newone31313." Yahoo! company records revealed that this user ID belonged to Mr. Davis. Mr. Davis admitted to agents that he had participated in Yahoo! Groups and had received child pornography via email. Agents searched various computer hard drives that Mr. Davis owned and found sexually explicit images of minors on them.

At the hearing at which Mr. Davis pleaded guilty, he was represented by Ronald Hoskins, an attorney whom he had retained several months earlier. During the plea colloquy, the district court asked Mr. Davis whether he was satisfied with Mr. Hoskins's performance as his attorney. Mr. Davis acknowledged that Mr. Hoskins had followed his instructions, returned his telephone calls, and investigated the circumstances of his case; he concluded by saying that he had no complaints about Mr. Hoskins's services. The district court accepted Mr. Davis's plea of guilty.

And then Mr. Hoskins disappeared. The probation office tried to send him a copy of the pre-sentence report but received no reply, and Mr. Davis complained that he had not heard from his attorney. The court scheduled a hearing to address the difficulty, and when Mr. Hoskins failed to show up, the court appointed an attorney from the Federal Public Defender's office in his place.

## II.

At the beginning of the sentencing hearing, Mr. Davis sought to withdraw his guilty plea so that he could challenge the admissibility of the statements and evidence that the prosecution said that it would have introduced against him at trial. The district court denied Mr. Davis's request. Mr. Davis argues for the first time on appeal

that the district court erred in doing so because Mr. Hoskins's disappearance, as well as his failure to seek suppression of the statements and evidence against Mr. Davis, amounted to ineffective assistance of counsel.

A district court may permit a defendant to withdraw a guilty plea before he or she is sentenced if the defendant shows a fair and just reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Where, as here, a district court determines that there is no fair and just reason for withdrawing the plea, the motion is denied. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). If the court concludes that a fair and just reason does exist for withdrawal, it will inquire further into the particular circumstances before deciding whether to grant the motion. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). We generally review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Austin*, 413 F.3d at 857.

But we note that ineffective-assistance-of counsel claims, such as the one that Mr. Davis presents, are "generally not a basis for direct appeal and instead should be properly raised in a 28 U.S.C. § 2255 action." *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1105 (8th Cir. 2002). We consider such arguments on direct appeal only where the record has been fully developed, where counsel's ineffectiveness is readily apparent, or where to delay consideration of the claim would lead to a plain miscarriage of justice. *United States v. Cook*, 356 F.3d 913, 919-20 (8th Cir. 2004). No such exceptional circumstances exist here. The record on this issue is not developed at all. As to whether there is an apparent sixth-amendment violation, we fail to see how Mr. Hoskins's disappearance necessarily affected the quality of the representation that he did provide. We therefore conclude that this issue is more properly raised in a separate motion under § 2255. *United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998).

## III.

Mr. Davis also challenges a special condition of his supervised release that bars him from having any unsupervised contact with his own daughter. The district court imposed a term of three years' supervised release on Mr. Davis, during which time he cannot "associate or have any [unsupervised] contact ... with persons/females/males under the age of 18." Any supervised contact that he has with such minors must be "in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office."

Because Mr. Davis did not make a timely objection to the condition, we review it for plain error. *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003). Plain error exists if the district court deviates from a legal rule, the error is clear under current law, and the error affects substantial rights. *Id.* In most cases, for an error to affect substantial rights it must affect the outcome of the proceedings. *United States v. Olano,* 507 U.S. 725, 734 (1993). We will correct such errors when they " 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

While the district court enjoys broad discretion in setting special conditions of supervised release, *United States v. Andis*, 333 F.3d 886, 893 (8th Cir. 2003) (en banc), *cert. denied*, 542 U.S. 997 (2003), those conditions must meet the requirements of 18 U.S.C. § 3583(d). Section 3583(d) first requires that the condition be "reasonably related" to the nature and characteristics of the offense and the defendant, the deterrence of criminal conduct, the protection of the public from any further crimes of the defendant, and the defendant's correctional needs. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); *United States v. Crume*, 422 F.3d 728, 732-33 (8th Cir. 2005). Second, the condition must not involve any "greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public from further crimes by the defendant, and promote the defendant's correctional needs. 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D).

-4-

Finally, the condition must be consistent with any pertinent policy statements that the sentencing commission has issued. 18 U.S.C. § 3583(d)(3).

Mr. Davis argues that because there is no evidence that he has abused a child, the condition interferes with his parental rights to a greater degree than is reasonably necessary. The relationship between a parent and child is a fundamental liberty interest protected by the due process clause. *Quilloin v. Walcott,* 434 U.S. 246, 255 (1978); *Meyer v. Nebraska*, 262 U.S. 390, 399-401 (1923). Where a condition of supervised release would impose "sweeping restrictions on important constitutional rights," we review the condition more closely. *Crume*, 422 F.3d at 733.

The existence of a constitutionally protected liberty interest, however, does not render impermissible any condition that would interfere with the parent-child relationship. For instance, we have upheld conditions requiring defendants to ask for and receive the permission of their probation officer before contacting their minor children. *See, e.g., United States v. Mark*, 425 F.3d 505, 507-08 (8th Cir. 2005); *Crume*, 422 F.3d at 733-34. But a court may not categorically impose such a condition in every child pornography case that comes before it; since the relevant statutory and constitutional considerations look to whether the condition is more restrictive than what is needed to satisfy the governmental interest in a specific case, the district court must decide whether to impose such a condition based on specific facts.

We conclude that the application of the condition at issue to Mr. Davis's own child amounts to plain error. Federal law requires the district courts to consider the "nature and circumstances of the offense and the history and characteristics of the defendant" when crafting a special condition of supervised release. *See* 18 U.S.C §§ 3553(a)(1), 3583(d)(1); *cf. United States v. Heidebur*, 417 F.3d 1002, 1004-05 (8th Cir. 2005). That inquiry must take place on an individualized basis; a court may not impose a special condition on all those found guilty of a particular offense. The

district court's failure to look at the specific facts at hand when gauging the propriety of the condition was therefore clear error.

We believe that such an individualized analysis would have affected the outcome of the proceeding. There is no evidence in the record that Mr. Davis has ever sexually abused a child or that he would try to abuse his daughter once released from prison. Because no such evidence exists, a condition of supervised release that limits Mr. Davis's access to his daughter is not reasonably necessary either to protect Mr. Davis's daughter or to further his rehabilitation. The government points out that in other cases we have upheld conditions similar to the one at issue here. In each of those cases, however, there were additional facts that justified the condition. In *Crume*, 422 F.3d at 734, the defendant had fathered his daughter by impregnating an underage girl; in *Heidebur*, 417 F.3d at 1003, 1005, the defendant had taken sexually explicit pictures of his stepdaughter. Nothing similar appears in the present record. Because the condition at issue here would interfere with Mr. Davis's constitutional liberty interest in raising his own child, the government may circumscribe that relationship only if it shows that the condition is no more restrictive than what is reasonably necessary; here, it failed to meet that burden.

Lastly, we believe that not to correct the error at hand would undermine the fairness and integrity of our judicial proceedings. Judges have broad discretion to tailor conditions of supervised release because they are the ones who can best fit conditions to the facts of a specific case. The public expects the courts to exercise that discretion, not impose a special condition as a matter of course. We therefore conclude that the district court erred in not allowing Mr. Davis to have unsupervised contact with his own children during his term of supervised release.

IV.

We affirm Mr. Davis's conviction, dismiss without prejudice his ineffective-assistance-of-counsel claim, and remand to the district court with instructions to

amend Mr. Davis's conditions of supervised release to state that the condition prohibiting him from associating with or having unsupervised contact with minor children has no application to his own children.

SMITH, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's affirmance of Mr. Davis's conviction and dismissal of his ineffective assistance of counsel claim. However, I respectfully dissent from the majority's holding that the district court's supervised release condition prohibiting unsupervised contact with minor children, including his own children, constituted plain error.

Before a district court can be reversed for plain error the appellant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotations, alteration, and citation omitted). In addition, the error must seriously affect "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations and citations omitted). Under our existing circuit precedent, it is not entirely clear whether Mr. Davis has shown any error, much less error that is "plain."

We have previously upheld similar restrictions in child pornography cases. In *United States v. Mark*, 425 F.3d 505, 508 (8th Cir. 2005), the defendant, convicted of possessing child pornography, challenged a special condition prohibiting him from having any contact with, or residing with, any children under 18 years of age, including his own children, unless the probation officer gives prior approval in writing. The defendant argued that nothing in the record indicated that he was a danger to children. *Id.* This court rejected the defendant's argument, stating that "[r]equiring [the defendant] to obtain prior approval is a reasonable mechanism to promote compliance and to ensure that [the defendant's] contact with minors is reasonably limited to appropriate situations. [The defendant] has a history of violating

conditions of release . . . and the record reflects that . . . [the defendant] engaged in sexual exploration with a female family member who was a minor." *Id*. While Davis has no such history, its absence should not render imposition of the special condition plainly erroneous.

Similarly, we rejected the argument of a defendant—convicted of knowingly receiving child pornography and knowingly possessing child pornography—that the special condition prohibiting him from "contact with children under the age of eighteen without the written consent of his probation officer" was an "unnecessary deprivation of his liberty interest in having contact with his own children." *United States v. Crume*, 422 F.3d 728, 734 (8th Cir. 2005). In upholding the condition, we stated:

> But children, including those of [the defendant], are members of the public that the terms of supervised release seek to protect. In fact, the daughter with whom he desires contact is the child conceived as the result of his impregnating a fourteen-year-old girl. The presentence investigation report reflects that this now-adult woman remains fearful of [the defendant] and worries that he may try to molest her daughter.
>
> The challenged condition, moreover, does not completely prohibit [the defendant] from interacting with his children. He may have contact with children, including his own, with the written consent of his probation officer. We also note that we do not agree with the defendant that this provision prohibits him from accepting a letter written to him by one of his children. Accordingly, the district court did not abuse its discretion by forbidding [the defendant] from having contact with children under the age of eighteen absent written consent.

*Id*; *see also United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003) (upholding a special condition that barred the defendant, who was convicted of possessing child pornography, from going to places where minor children congregate without prior approval from his probation officer because the purpose of the condition was to limit

the defendant's access to children and the restriction should be read to prohibit the defendant's presence only at places where minor children congregate)*; United States v. Heidebur*, 417 F.3d 1002, 1004 (8th Cir. 2005) (upholding a special condition that prohibited the defendant from contact with children under the age of 18 unless the probation officer gave prior written permission because the deprivation of liberty was not greater than that which is reasonably necessary under the circumstances, considering the defendant was convicted of conduct involving the sexual exploitation of a minor); *United States v. Vick*, 421 F.3d 794 (8th Cir. 2005) (upholding a supervised release condition that prohibited the defendant, who was convicted of possessing child pornography, from having contact with children under the age of 18, including his daughter, unless he received prior written approval from his probation officer because the condition was tailored to the defendant's "extensive history with minors, was reasonably related to the nature of seriousness of the offense, and was needed to deter [the defendant] and protect the public").

Other recent decisions have also approved "'virtually identical supervised release conditions'" for defendants who have pleaded guilty to receiving child pornography. *See United States v. Levering,* 441 F.3d 566, 569 (8th Cir. 2006) (quoting *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006)). In *Mickelson*, the defendant pleaded guilty to receiving child pornography, admitting that some of the images he had received "depicted children under the age of 12 and sadistic or masochistic violence." *Id*. at 1051. The defendant, however, challenged a special condition that "require[d] him to have no contact with anyone under the age of 18 without the express written permission of the probation office" as being "unnecessary and unreasonable given the circumstances of his case, including his close relationship with his grandchildren." *Id*. at 1056. In rejecting the defendant's argument, we held:

> [R]equiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate. The district court's refusal to incorporate a blanket

exception for [defendant's] grandchildren or other family members was not unreasonable given the fact that most sexual abuse of children takes place at the hands of family members or friends. Moreover, [defendant] has not been forbidden from seeing his grandchildren or any other family member; he is merely required to seek prior permission. If such permission is arbitrarily or unfairly denied, he is free to seek relief from the district court under § 3583(e). This arrangement does not constitute an abuse of discretion.

*Id*. at 1057 (internal citations omitted).

Considering our case law on special conditions restricting a defendant's contact with children when the defendant pleads guilty to receiving child pornography, I conclude that in the absence of a timely objection, imposition of the supervised release provision in question does not constitute plain error. First, as noted in *Mickelson*, it was not unreasonable for the district court to include Davis's daughter in its supervised release condition, considering his daughter is entitled to just as much protection as other minors. Second, Davis is not barred from seeing his daughter; instead, the condition, which is subject to later modification, limits his visits to those with supervision. Finally, as *Mickelson* indicates, proof that Davis personally inflicted child sexual abuse is not necessary to support restrictions on access to children; Davis, like the defendant in *Mickelson*, possessed illegal child pornography, including short movies depicting a variety of oral and anal sexual acts, several images depicting sexual bondage with children, and images depicting victims under the age of 12. For these reasons, I respectfully dissent.

_____