# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3688

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Scott Alan Sorenson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 18, 2012
Filed: April 23, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Scott Sorenson pleaded guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). At sentencing, the district court[1] departed upward from the calculated Guidelines range of 24-30 months to a sentence of 46 months in prison, based on the court's conclusion that Sorenson's Category VI criminal history substantially under-represented the seriousness of his criminal history and his risk of recidivism. This appeal followed, in which counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the

_____

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

departure sentence was an abuse of discretion. In a pro se supplemental brief, Sorenson challenges three special conditions of supervised release and argues that his sentence is excessive.

After careful review, we conclude that the district court did not abuse its discretion in upwardly departing under U.S.S.G. § 4A1.3 on account of Sorenson's criminal history, which included 20 criminal history points and multiple other offenses that did not earn criminal history points and demonstrated a consistent pattern of re-offending, or by imposing a substantively unreasonable sentence. We review for plain error the conditions of supervised release that Sorenson challenges for the first time on appeal and find none. See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006). Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____