Filed 5/28/15  P. v. Mendoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051069 |
| v. | (Super. Ct. No. P-00460) |
| GERALDO MENDOZA | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Appellant Geraldo Mendoza was convicted of having sex with his 17-year-old sister and his 10-year-old stepsister. He was imprisoned for those offenses and he is required to register as a sex offender under Penal Code section 290. One of the conditions of his parole is that he is to have no contact with any minor children. He has violated this and other conditions of his parole on three occasions in the 20 months since his release from custody, including violations for being in the presence of minor children and possessing pornographic materials.

The parole violation that comes before us now took place late last year when police responded to a domestic violence call at his home and found him with his girlfriend and three-week-old son. He was arrested for violating the provision of his parole that forbids him being in the presence of minors. That provision reads, "You shall not have contact with your biological or adopted children. 'No contact' means no contact in any form, whether direct or indirect, personally, by telephone, in writing, through electronic media, e-mail, computer, or through another person, etc."

Appellant argued the condition was vague and overbroad. The former complaint had to do with the word "contact" and whether that prohibited mere presence with the child or only touching or communicating with the child. The "overbreadth" complaint was that it forbade contact with his biological son. The trial court rejected both arguments and Mendoza appealed.

We appointed counsel to represent him on that appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against his client, but advised the trial court he could find no issues to argue on appellant's behalf. Mendoza was invited to express his own objections to the proceedings against him, but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of Mendoza's lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which Mendoza *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief. Even the most cynical observer of the appellate system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple matter is counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

This is factually an unusual case, but its legal issues have been rather conclusively decided against Mr. Mendoza. While the law certainly recognizes the importance of familial relationships, it also recognizes the right of an infant child to be protected against sexual predators – including his own father. Mr. Mendoza asserts the harsh result of the "no contact" provision in his case – the fact it forbids his association with his own child – makes it unconstitutionally broad. But this is not a new issue, and its resolution has generally not been favorable to probationers.

"The existence of a constitutionally protected liberty interest . . . does not render impermissible any condition that would interfere with the parent-child relationship." (*United States v. Davis* (8th Cir. 2006) 452 F.3d 991, 995.) The parents' fundamental right to familial association "is not absolute" and "'must be balanced against the interests of the state, and when conflicting, against the interests of the children.' [Citation.]" (*Kruse v. State of Hawai'i* (9th Cir. 1995) 68 F.3d 331, 336.)

Both federal and California law require that probation and parole provisions be narrowly tailored and directly related to the offense for which the parolee was sent to prison. (*People v. Burgener* (1986) 41 Cal.3d 505; *In re Sheena K.* (2007) 40 Cal.4th 875.) And they must provide fair notice of what the parolee is not allowed to do.

As to the notice issue, we have no doubt the parole condition involved here provided fair notice to Mendoza. It would be hard to be more explicit about what was not allowed. It says no contact *in any form*. And its explicit prohibition of telephone or

3

written contact rebuts Mendoza's argument it could be read to prohibit only actual physical contact.

The overbreadth challenge is more difficult, because we can all identify with the severity of the stricture against being in the presence of one's own son. But there is no real dilemma here. As noted in *United States v. Wolf Child* (2012) 699 F.3d 1082 [similar provision not facially invalid, but overturned for failure to follow federal procedural requirements], the state has the power to impose conditions that interfere with familial relationships where the interests of the family and the interests of the child conflict. Here those interests conflict. Mendoza has an interest in spending time with his son that arguably conflicts with the interest of the son in being safe. That makes the restriction facially valid.

The trial court correctly concluded that the parole condition did relate to the crime committed. That was the first prong of the overbreadth analysis. The second was whether there was a less restrictive option available to the state. She could not find one, and neither can we – at least not at this level.

As the trial court noted, Mendoza has violated conditions of parole that were much less restrictive than this one. It appears that less restrictive conditions do not work. And the conduct for which he is on parole was conduct with family members. Given that fact, there is nothing on the face of the parole order that makes it constitutionally objectionable. An appeal based upon a facial challenge would be unavailing.

Nor can we find fault in the court's denial of the request to amend the conditions of parole. The trial court has broad discretion in determining the necessity of conditions of parole. It can modify or ameliorate such conditions upon request. Such a request was made here and was denied – a decision we cannot quarrel with given Mendoza's inability so far to control the conduct that first brought him before the courts. His record of dealing with sexual matters while on parole has not been good, and all he

4

offered as a basis for changing the restriction was that he promises to be more trustworthy in the future. The law does not allow us – at this far remove – to second-guess the decision of a judge who has dealt with the parties in person and is better equipped to evaluate such promises.

So we must conclude that appellate counsel was right that there are no issues that might result in reversal of the parole violation in this case. Mendoza may be able to conduct himself on parole so as to convince the court to relax the restriction. Counsel may be able through experts or otherwise to establish an "as applied" argument that will relieve him of the restriction or result in its replacement with another, less limiting one. Together they may find a way to convince the trial court Mendoza's promise that his infant son is safe is convincing. But this judgment, on this appeal, is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.

5