# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-4046

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lucas J. Lacy

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: November 13, 2017
Filed: December 12, 2017

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

Lucas J. Lacy was convicted of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court[1] sentenced him to 60 months' imprisonment and five years' supervised release. After prison, he violated

———————————————

[1] The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

the conditions of release. The court revoked the release, sentencing him to nine months' imprisonment and five years' supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In December 2014, Lacy's probation officer filed a petition for revocation, alleging six release-condition violations. In April 2015, the officer amended the petition, adding violations: (7) failure to timely inform his probation officer that he was fired; and (8) unsuccessful discharge from sexual abuse treatment. Lacy admitted violations seven and eight. The government dismissed allegations one through six. The court continued disposition, allowing Lacy time to comply.

In March 2016, Lacy's probation officer filed a second petition for revocation, alleging three new violations. In October 2016, the court held a revocation hearing. On the government's motion, the court dismissed the second petition, proceeding only on the admitted violations (seven and eight). The court imposed a (government-requested) sentence of nine months and five years of supervised release. It reimposed the "terms and conditions of his original supervised release" and added new conditions.

This court reviews a revocation sentencing decision "using the same standards" applied "to initial sentencing decisions." *United States v. Miller*, 557 F.3d 910, 915-16 (8th Cir. 2009). "Absent an abuse of discretion," this court "will not disturb a sentence imposed within the bounds of 18 U.S.C. § 3583(e), the statutory provision detailing parameters for modification or revocation of supervised release." *United States v. Holmes*, 283 F.3d 966, 968 (8th Cir. 2002).

Lacy admits he violated the conditions of supervised release. But he believes the court abused its discretion by rejecting "a 180-day public law placement," arguing that the "sentence of incarceration interrupts [his] progress without significantly advancing the other § 3553(a) goals." At the revocation hearing, Lacy's counsel said

that the government's recommendation of nine months' imprisonment and five years' supervised release was not "unreasonable."  The district court agreed:

> Well, I'm considering the defendant's progress. And I appreciate the things that he's noted about the progress he's made with his substance abuse issues and the fact that he has been engaged in some gainful employment.
>
> But there is certainly a pattern of the defendant not being in compliance with conditions of his supervised release and not working with the probation officer and not following directions. And failure to register as a sex offender for his place of residence is also a concern. Also there is a pattern of the defendant being given many opportunities to comply and failing to comply.
>
> So I think that the recommendation by Probation is well-reasoned. I will impose a term of nine months' incarceration to be followed by five years of supervised release.

The district court thus acknowledged Lacy's progress but properly found it outweighed by the § 3553(a) factors.  *See* **18 U.S.C. § 3553(a)** (requiring consideration of "the history and characteristics of the defendant" and "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant").  It did not abuse its discretion in sentencing him within the guidelines. *See **United States v. Ahlemeier***, 391 F.3d 915, 923 (8th Cir. 2004) (affirming a nine month sentence for a defendant convicted of child pornography who violated conditions of release by failing to participate in treatment).

Lacy asserts his "conditions of release are unusually restrictive."  "A sentencing judge is afforded wide discretion when imposing terms of supervised release." ***United States v. Crume***, 422 F.3d 728, 732 (8th Cir. 2005).  Still,

conditions of supervised release "must meet the requirements of 18 U.S.C. § 3583(d)." *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

> Section 3583(d) first requires that the condition be "reasonably related" to the nature and characteristics of the offense and the defendant, the deterrence of criminal conduct, the protection of the public from any further crimes of the defendant, and the defendant's correctional needs. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); *United States v. Crume*, 422 F.3d 728, 732-33 (8th Cir. 2005). Second, the condition must not involve any "greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public from further crimes by the defendant, and promote the defendant's correctional needs. 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). Finally, the condition must be consistent with any pertinent policy statements that the sentencing commission has issued. 18 U.S.C. § 3583(d)(3).

*Id.* at 994-95.

Lacy did not object to any conditions at his original sentencing or revocation hearing. "When a defendant fails to raise an objection to those terms [of supervised release] at sentencing," this court reviews "for plain error." *United States v. Kerr*, 472 F.3d 517, 521 (8th Cir. 2006). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." *United States v. Crose*, 284 F.3d 911, 912 (8th Cir. 2002).

Lacy fails to specify which conditions he believes are invalid. Based on his cited cases, he appears to challenge the conditions restricting his access to pornography and the internet. For pornography, this court assumes Lacy challenges special condition 8 from his original judgment (entered February 5, 2009):

8.     The Defendant shall not access, view or possess any pornographic sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The Defendant shall not patronize any place where such material or entertainment is available.

Lacy cites *United States v. Kelly*, 625 F.3d 516 (8th Cir. 2010), which invalidated a condition prohibiting a defendant from "possess[ing] [or] hav[ing] under his . . . control any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material." *Kelly*, 625 F.3d at 519. Lacy's special condition 8 prohibits "access[ing], view[ing] or possess[ing] any pornographic sexually oriented or sexually stimulating materials." This condition is "'reasonably related' to the nature and characteristics" of Lacy's offense and "the deterrence of criminal conduct." *Davis*, 452 F.3d at 994. It is consistent with any pertinent policy statements. *See id.* at 995. The only question then is whether the condition "involves a greater deprivation of liberty than is reasonably necessary under the circumstances." *United States v. Durham*, 618 F.3d 921, 944 (8th Cir. 2010).

Special condition 8 is narrower than the *Kelly* condition. It does not specifically prohibit legal material or material containing nudity. Significantly, it does not contain the "alludes to sexual activity" language found overbroad in *Kelly*. *Kelly*, 625 F.3d at 521-22. Special condition 8 does not involve a "greater deprivation of liberty than is reasonably necessary" given Lacy's conviction. *Durham*, 618 F.3d at 944. *See United States v. Demers*, 634 F.3d 982, 985-86 (8th Cir. 2011) ("In our circuit it remains settled that a condition that bars access to pornography alone does not constitute a greater restriction of First Amendment rights than is necessary when imposed on someone with a history of [possession of child pornography].").

For internet access, it is unclear whether Lacy challenges special condition 11 from his revocation judgment, special condition 13 from his original judgment, or both. These conditions say:

11.      The defendant is prohibited from using or possessing any computer(s) (including any handheld computing device, any electronic device capable of connecting to any online service, or any data storage media) without the prior written approval of the U.S. Probation Officer. This includes, but is not limited to, computers at public libraries, Internet cafes, or the defendant's place of employment or education.

13.      Except for purposes of his employment, the Defendant is prohibited from using or having access to any electronic media that has internet service or photography capability. The Defendant will sign any and all releases of information as it related to cell phone carriers.

Lacy cites *United States v. Mark*, 425 F.3d 505 (8th Cir. 2005), which vacated a condition prohibiting the defendant from "using or possessing a computer, except under supervised work conditions and on a computer with no Internet connection." *Mark*, 425 F.3d at 508. Like special condition 8, the only applicable question here is whether special conditions 11 or 13 involve a greater deprivation of liberty than necessary. This case is similar to *United States v. Durham*, 618 F.3d 921 (8th Cir. 2010). There, this court upheld a ban restricting a defendant's internet access "without prior approval from the probation office" as not "a greater deprivation of liberty than is reasonably necessary" for two reasons: (1) the special condition was not "a complete ban on Internet access;" and (2) "the record includes much evidence showing that [the defendant] used his computer to distribute child pornography." *Durham*, 618 F.3d at 934, 944. Similarly here, Lacy is not completely banned from accessing the internet under either condition. Additionally, like *Durham*, Lacy used his computer to distribute child pornography. Thus, special conditions 11 and 13 are "merely a partial deprivation[s] of [Lacy's] interest in having unfettered access to the

Internet" and are not greater than reasonably necessary to "advance deterrence" and protect the "public from future crimes of the defendant." ***Durham***, 618 F.3d at 944.

* * * * * * * *

The judgment is affirmed.

_____