**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3660 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00020-GMS-1 |
| v. | |
| ISAIAH ELIJAH ABRAHAM VALLEJO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 10, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

Isaiah Elijah Abraham Vallejo appeals his conviction and sentence for

attempted receipt of child pornography, 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2256.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Reviewing conditions of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release for abuse of discretion, *see United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012), and constitutional claims de novo, *see United States v. Martinez*, 850 F.3d 1097, 1100 (9th Cir. 2017) (effective assistance of counsel); *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) (due process), we affirm.[1]

1. Vallejo contends that the district court violated his Sixth Amendment rights by stating that he would very likely have to represent himself if he requested substitute counsel in the future—notwithstanding that he might have legitimate reasons for such a request.[2] Even if the district court's remarks were improper, however, Vallejo fails to show prejudice.

Vallejo argues that prejudice is presumed in this situation, but "government intrusion into the attorney-client relationship is not per se violative of the Sixth Amendment unless the defendant is substantially prejudiced by such actions." *United States v. Kowalczyk*, 805 F.3d 847, 856 n.2 (9th Cir. 2015). Only "a very

---

[1] We assume without deciding that the appeal waiver in Vallejo's plea agreement does not bar us from reviewing his claims. *See United States v. Jacobo Castillo*, 496 F.3d 947, 949–50 (9th Cir. 2007) (en banc) (holding that appeal waivers do not affect appellate jurisdiction). Similarly, we need not decide whether Vallejo preserved his challenge to the supervised release condition, because whichever standard of review we apply—abuse of discretion or plain error—the outcome is the same.

[2] Vallejo withdraws his Sixth Amendment claim "to the extent it would vacate his guilty plea."

limited class of errors" that "undermine the fairness of a criminal proceeding as a whole" triggers automatic reversal. *United States v. Davila*, 569 U.S. 597, 611 (2013). The district court's comments here were not such structural error. *See id.* at 601, 609 (requiring prejudice showing where the defendant complained about counsel's recommendation to plead guilty, and the court told him that he "was free to represent himself, but would not get another court-appointed attorney," despite the risk that these and other comments could coerce a plea); *see also Strickland v. Washington*, 466 U.S. 668, 692 (1984) (explaining that "state interference with counsel's assistance" constitutes structural error only where counsel is prevented from assisting the defendant during a critical stage of the proceeding (citing *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984))).

Vallejo does not explain how the district court's comments prejudiced him, and the record does not support a prejudice finding. At the change-of-plea hearing, he told the court that he was satisfied with his appointed counsel's work. The agreement that counsel negotiated, exposing Vallejo to a sentence of 63–97 months, was superior to the 120–150 months that retained counsel had previously negotiated, particularly given government counsel's statement that no better deal would be on offer. Therefore, Vallejo's Sixth Amendment claim fails.

2. Vallejo also challenges the special condition of supervised release permitting contact with his own children only "when . . . supervised by a certified

chaperone pre-approved by probation." Although the "right to familial association" is a fundamental liberty interest, that interest "does not render impermissible any condition that would interfere with the parent-child relationship." *Wolf Child*, 699 F.3d at 1092 (quoting *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006)).

The process by which the district court imposed the special condition was sufficient. The district court "point[ed] to the evidence in the record on which it relie[d]"—the psychosexual risk evaluation—"and explain[ed] how on the basis of that evidence the particular restriction [was] justified." *Id.* In particular, the court cited the evaluation's recommendation to prohibit contact with Vallejo's own children unless his treatment and probation team determined that chaperone-supervised visits would be appropriate. The court gave Vallejo an opportunity to dispute this recommendation and present evidence "that would offer a different conclusion." Procedural due process does not require more.

Nor is the provision substantively unreasonable. Unlike in *Wolf Child*, the condition does not "prohibit [Vallejo] from residing with or being in the company of his children." *Id.* at 1096. *Wolf Child* acknowledged that a defendant's authorization "to engage in certain types of activities with permission from a probation officer, as opposed to being prohibited entirely from engaging in those activities, might justify a finding that a narrowly tailored condition infringes on no

more liberty than necessary." *Id.* at 1095. Here, the district court did not adopt the psychosexual risk evaluation's recommendation to make contact with Vallejo's children contingent on his treatment and probation team's determination that it would be "appropriate." The only restriction that the court imposed was supervision by an approved chaperone. That narrowly tailored restriction does not implicate Vallejo's substantive due process rights.

**AFFIRMED.**