# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2598

_____

United States of America

*Plaintiff - Appellee*

v.

Tommy Kuehl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: December 14, 2012
Filed: February 19, 2013

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Tommy Kuehl was indicted for failure to register as a sex offender pursuant to 18 U.S.C. § 2250(a). Kuehl was required to register his address under the Sex Offender Registration and Notification Act (SORNA). Kuehl moved to dismiss the indictment on the ground that section 16913(d) of SORNA violates the nondelegation

doctrine of the United States Constitution. The district court[1] denied Kuehl's motion to dismiss, and we affirm this denial.

In 1991, Kuehl was convicted of two counts of attempted sexual conduct and sentenced to twelve years' imprisonment. Fifteen years later, in 2006, the United States Congress passed SORNA, which imposed registration requirements on offenders with certain sex convictions.[2] Section 16913(d) of SORNA delegated authority to the Attorney General to determine whether SORNA applied retroactively. In 2007, the Attorney General declared that SORNA applied retroactively to offenders convicted before SORNA's effective date. Thus, SORNA's registration requirements applied to Kuehl.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]In the years following SORNA's passage, the Courts of Appeals reached different conclusions about SORNA's retroactive application. Five Circuits concluded that the express language of SORNA gave it automatic retroactive effect to "pre-Act" offenders. *United States v. Fuller,* 627 F.3d 499, 506 (2d Cir. 2010); *United States v. DiTomasso,* 621 F.3d 17, 24-25 (1st Cir. 2010); *United States v. Shenandoah,* 595 F.3d 151, 163 (3d Cir. 2010); *United States v. Hinckley,* 550 F.3d 926, 932 (10th Cir. 2008); *United States v. May,* 535 F.3d 912, 918–919 (8th Cir. 2008). Six Circuits concluded that SORNA delegated authority to the Attorney General to decide the retroactivity question. *United States v. Johnson,* 632 F.3d 912, 922–927 (5th Cir. 2011); *United States v. Valverde,* 628 F.3d 1159, 1162–1167 (9th Cir. 2010); *United States v. Cain,* 583 F.3d 408, 414–419 (6th Cir. 2009); *United States v. Hatcher,* 560 F.3d 222, 226–229 (4th Cir. 2009); *United States v. Dixon,* 551 F.3d 578, 585 (7th Cir. 2008); *United States v. Madera,* 528 F.3d 852, 856–859 (11th Cir. 2008) *(per curiam)*. The Supreme Court settled this issue in 2012, holding that SORNA was not retroactive on its face, but could have retroactive effect if the Attorney General so determined. *Reynolds v. United States*, 132 S. Ct. 975, 980 (2012).

In September 2011, Kuehl was arrested in Iowa for trespassing. The authorities discovered that Kuehl had recently moved to Iowa and failed to register his new address as SORNA required. In November 2011, a grand jury indicted Kuehl for failure to register as a sex offender. Kuehl moved to dismiss the indictment, arguing that Congress improperly delegated legislative authority to the Attorney General to determine whether SORNA applied retroactively. The district court ruled that SORNA was a valid delegation of authority to the Attorney General and denied the motion to dismiss. Kuehl then entered a conditional guilty plea preserving his right to appeal the denial of his motion to dismiss. The district court sentenced Kuehl to 22 and one-half months' imprisonment and five years of supervised release. Kuehl appeals the denial of his motion to dismiss.

Kuehl asserts that SORNA, specifically, 42 U.S.C. § 16913(d) is an unconstitutional delegation of legislative power. Kuehl argues that in section 16913(d), Congress unconstitutionally delegated legislative power to the Attorney General to determine SORNA's retroactivity. Section 16913(d) provides:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).

The nondelegation doctrine is rooted in the principle of separation of powers. It is derived from Article I, section I of the United States Constitution: "All legislative Powers herein granted shall be vested in a Congress of the United States… ." U.S. Const. art. I, § I. "Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested."

*Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421 (1935). However, not all delegations of legislative authority are prohibited. "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power.' " *Mistretta v. United States*, 488 U.S. 361, 372 (1989) (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)). The Supreme Court has further clarified that Congress provides an intelligible principle "if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." *Am. Power & Light Co. v. Sec. & Exch. Comm'n*, 329 U.S. 90, 105 (1946).

We conclude that SORNA provides the Attorney General with an intelligible principle, and is a valid delegation of legislative authority. SORNA contains a "clearly delineat[ed]" policy which guides the Attorney General in the exercise of his delegated authority. Section 16901 sets forth the congressional policy of SORNA, "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. The Supreme Court has found broad policy statements, like that in SORNA, sufficient to provide an intelligible principle for delegation. *See, e.g*, *Yakus v. United States,* 321 U.S. 414 (1944) (upholding a delegation of legislative authority based on the general policy to set prices that are "generally fair and equitable"); *Nat'l Broad. Co. v. United States*, 319 U.S. 190 (1943) (upholding a delegation of legislative authority based on the general policy to regulate in the "public interest").

SORNA also contains boundaries on the authority delegated to the Attorney General. Essentially, section 16913(d) delegates one narrow question to the Attorney General: Do SORNA's requirements apply retroactively to offenders whose convictions predate SORNA's enactment? The question of retroactivity has a defined, narrow universe of answers. "[T]he Attorney General cannot do much more than simply determine whether or not SORNA applies to [individuals convicted of covered sex offenses prior to SORNA's enactment]." *United States v. Guzman*, 591

-4-

F.3d 83, 93 (2d Cir. 2010). In comparison, the authority delegated in SORNA is more bounded and narrow than other delegations the Supreme Court has upheld. For example, in *Mistretta* the Supreme Court upheld the delegation of authority to the Sentencing Commission to create the federal sentencing guidelines. *Mistretta*, 488 U.S. at 374-79.

We agree with our sister Circuits[3] that section 16913(d) of SORNA is a valid delegation of authority because Congress provided the Attorney General with an intelligible principle to follow.

Affirmed.

_____

[3] *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Burns*, 418 Fed. App'x 209, 211-12 (4th Cir. 2011); *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. 2010); *United States v. Whaley*, 577 F.3d 254, 263-64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213-14 (11th Cir. 2009); *United States v. Dixon*, 551 F.3d 578, 583-84 (7th Cir. 2008).