United States Court of Appeals

For the Eighth Circuit

_____

No. 12-3153

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Sun Bear

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 11, 2013
Filed: April 5, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In 2002, Keith Sun Bear was convicted of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2). Four years later, Congress enacted the Sex Offender Registration and Notification Act (SORNA), which requires sex offenders to periodically register with state government. Pursuant to a rule promulgated by the Attorney General on February 28, 2007, declaring the registration

requirements of SORNA to apply retroactively to sex offenders convicted prior to the enactment date of SORNA, Sun Bear is required to register as a sex offender.

Sun Bear initially properly registered as a sex offender. However, when he failed to update his registration after moving from his residence in Rapid City, South Dakota, on March 18, 2012, he was indicted for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Sun Bear moved the district court[1] to dismiss the indictment, arguing Congress had violated the non-delegation doctrine by enacting 42 U.S.C. § 16913(d), in which it authorized the Attorney General to specify whether the registration requirements of SORNA apply retroactively. See Panama Ref. Co. v. Ryan, 293 U.S. 388, 421 (1935) ("The Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested."). The district court denied the motion, and Sun Bear pled guilty conditioned on his right to appeal the denial of the motion to dismiss.

On appeal, Sun Bear again asserts Congress violated the non-delegation doctrine by enacting 42 U.S.C. § 16913(d). While Sun Bear's appeal was pending, we issued our decision in United States v. Kuehl, No. 12-2598, 2013 WL 599556 (8th Cir. Feb. 19, 2013), in which we held the congressional grant of authority to the Attorney General in 42 U.S.C. § 16913(d) to be constitutionally valid because Congress had set forth an intelligible principle to guide in the exercise of the granted authority. Id. at *2; see also Mistretta v. United States, 488 U.S. 361, 372 (1989) (Congress may delegate legislative authority to another body, provided Congress lays down by legislative act an intelligible principle for the exercise of the granted authority to which the authorized body must conform). Under our holding in Kuehl, Sun Bear's argument that Congress improperly delegated its legislative authority to the Attorney General, must fail.

---

[1]The Honorable Roberto A. Lange, United States District Court for the District of South Dakota.

The judgment of the district court is affirmed.

_____