# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3190

_____

United States of America

*Plaintiff - Appellee*

v.

Burton Wilbur King

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 11, 2013
Filed: April 5, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

As a condition of his supervised release pursuant to a 1993 conviction for a federal sex offense, Burton Wilbur King was required to register as a sex offender. Since February 28, 2007, King has also been required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). On that date, pursuant to the congressional grant of authority in 42 U.S.C. § 16913(d), the Attorney

General declared the registration requirements of SORNA to apply retroactively to sex offenders convicted prior to the enactment date of SORNA.

King initially registered as a sex offender in 2001 and updated the registration numerous times in the years that followed. However, in August 2011, King failed to update his registration when he moved from his residence in Tripp, South Dakota. On February 14, 2012, the government indicted King for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). King moved the district court[1] to dismiss the indictment, arguing Congress had violated the non-delegation doctrine by authorizing the Attorney General to specify whether the registration requirements of SORNA apply retroactively. See Panama Ref. Co. v. Ryan, 293 U.S. 388, 421 (1935) ("The Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested."). After the district court denied the motion, King pled guilty conditioned on his right to appeal the denial of the motion to dismiss.

On appeal, King again asserts Congress violated the non-delegation doctrine by granting the Attorney General authority to specify whether the registration requirements of SORNA apply retroactively, an issue we had not yet addressed at the time King filed his appeal. However, while King's appeal was pending, we decided United States v. Kuehl, No. 12-2598, 2013 WL 599556 (8th Cir. Feb. 19, 2013). In Kuehl, we held the congressional grant of authority to the Attorney General in 42 U.S.C. § 16913(d) to be constitutionally valid because Congress had set forth an intelligible principle to guide in the exercise of the granted authority. Id. at *2; see also Mistretta v. United States, 488 U.S. 361, 372 (1989) (Congress may delegate legislative authority to another body, provided Congress lays down by legislative act an intelligible principle for the exercise of the granted authority to which the

_____

[1]The Honorable Roberto A. Lange, United States District Court for the District of South Dakota.

authorized body must conform).  Our holding in <u>Kuehl</u> is fatal to King's argument that Congress improperly delegated its legislative authority to the Attorney General.

The judgment of the district court is affirmed.

_____