# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2357

_____

United States of America

*Plaintiff - Appellee*

v.

Billy Joe Dennis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: December 16, 2013
Filed: January 31, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Billy Joe Dennis was indicted on one count of knowingly failing to register as a sex offender and update a registration as a sex offender, as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991, in violation of 18 U.S.C. § 2250. Dennis moved to dismiss the indictment, raising

constitutional challenges to SORNA. After the district court[1] denied Dennis's motion to dismiss the indictment, Dennis entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion.

On appeal, Dennis argues that SORNA violates: (1) the non-delegation doctrine, because it improperly delegates to the Attorney General the authority to determine whether it applies to pre-enactment state offenders; (2) the Due Process Clause, because he did not have adequate notice that SORNA's registration requirements applied to him; and (3) the Commerce Clause, because SORNA's registration requirements lack a sufficient nexus to the regulation of interstate commerce.

Raising these arguments to preserve them for further review, Dennis concedes that they are foreclosed by our precedent. See United States v. Kuehl, 706 F.3d 917, 920 (8th Cir. 2013) (concluding that SORNA's delegation of authority to the Attorney General under 42 U.S.C. § 16913(d) is constitutionally valid because Congress set forth an intelligible principle to guide in the exercise of that authority); United States v. Baccam, 562 F.3d 1197, 1200 (8th Cir. 2009) (holding that applying SORNA to a pre-enactment offender who is given notice to comply with state law registration requirements does not violate the Due Process Clause); United States v. Howell, 552 F.3d 709, 715 (8th Cir. 2009) (concluding that Congress had the authority to enact § 16913 under the Commerce Clause and the enabling Necessary and Proper Clause); United States v. May, 535 F.3d 912, 922 (8th Cir. 2008) (holding that the enactment of 18 U.S.C. § 2250 was a valid exercise of Congress' power under the Commerce Clause), *abrogated on other grounds by* Reynolds v. United States, 132 S. Ct. 975 (2012).

The judgment is affirmed.

_____

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.