# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1038

_____

United States of America

*Plaintiff - Appellee*

v.

Sean Terrell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 16, 2015
Filed: December 21, 2015
[Unpublished]

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In January 2014, Fayetteville, Arkansas police arrested Sean Terrell after he attempted to purchase alcohol with a counterfeit $20 bill. Police determined that Terrell had an outstanding warrant in Iowa for failing to register as a sex offender. They also determined that Terrell had not registered as a sex offender in Arkansas, even though he had resided in the state for several months. Terrell was indicted for

failing to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913. *See* 18 U.S.C. § 2250. The district court[1] denied his motion to dismiss the indictment. Terrell conditionally pleaded guilty, preserving his right to challenge the denial of his motion to dismiss. He now appeals.

"We review a challenge to the constitutionality of a federal statute *de novo*." *United States v. Betcher*, 534 F.3d 820, 823 (8th Cir. 2008). We likewise review *de novo* the denial of a motion to dismiss an indictment. *United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011).

SORNA requires "those convicted of certain sex crimes to provide state governments with (and to update) information, such as names and current addresses, for inclusion on state and federal sex offender registries." *Reynolds v. United States*, 565 U.S. ---, 132 S. Ct. 975, 978 (2012); *see* 42 U.S.C. §§ 16913-16914. The criminal offense provision provides for a penalty of up to ten years' imprisonment for a person who is required to register if that person "travels in interstate or foreign commerce" and "knowingly fails to register or update a registration." 18 U.S.C. § 2250(a).

In this appeal, Terrell raises two constitutional challenges to SORNA. First, he argues that Congress violated the nondelegation doctrine by granting the Attorney General authority to specify whether SORNA's registration requirements apply retroactively. Terrell contends that this delegation does not pass constitutional muster because SORNA did not include an intelligible principle to guide the Attorney General's exercise of discretion. This argument is foreclosed by our decision in *United States v. Kuehl*, 706 F.3d 917 (8th Cir. 2013). In *Kuehl*, we found an intelligible principle in SORNA's policy statement. *Id.* at 920. This statement

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

explains that one of the Act's purposes is to "establish[] a comprehensive national system for the registration" of sex offenders "[i]n order to protect the public from sex offenders and offenders against children . . . ." 42 U.S.C. § 16901. We held that this "clearly delineat[ed] policy" sufficiently guided the Attorney General in deciding the narrow retroactivity question. *Kuehl*, 706 F.3d at 920 (alteration in original) (quoting *Am. Power & Light Co. v. Sec. & Exch. Comm'n*, 329 U.S. 90, 105 (1946)). Accordingly, we denied the constitutional challenge. *Id.* In light of our decision in *Kuehl*, we reject Terrell's nondelegation argument. *See United States v. Wright*, 22 F.3d 787, 788 (8th Cir. 1994) ("[A] panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc.").

Second, Terrell argues that SORNA's criminal offense and registration provisions violate the commerce clause. Our precedent likewise forecloses this argument. In *United States v. May*, our court explained that SORNA's criminal offense provision is proper because Congress has authority to prevent or punish the use of interstate commerce "as an agency to promote immorality, dishonesty or the spread of any evil or harm to the people of other states from the state of origin." 535 F.3d 912, 921-22 (8th Cir. 2008) (quoting *Brooks v. United States*, 267 U.S. 432, 436 (1925)), *abrogated in part on other grounds by Reynolds*, 132 S. Ct. 975. This power extends "even though the threat may come only from intrastate activities." *Id.* at 921 (quoting *United States v. Lopez*, 514 U.S. 549, 558 (1995)). Section 2250 punishes only those who travel in interstate or foreign commerce and thereafter knowingly fail to register. Because § 2250(a) has a sufficient nexus to the regulation of interstate commerce, we rejected the commerce clause challenge to SORNA's criminal offense provision. *See id.* at 922.

Our court also rejected a commerce clause challenge to § 16913, SORNA's registration requirement, in *United States v. Howell*, 552 F.3d 709, 715 (8th Cir. 2009). In *Howell*, we explained that § 16913 is constitutionally authorized "under the broad authority granted to Congress through both the commerce clause and the

enabling necessary and proper clause." *Id.* at 715. Congress enacted SORNA to further the legitimate end of tracking the interstate movement of sex offenders. *Id.* at 717. And SORNA's registration requirements are a reasonable means to achieve this goal. *Id.* We thus found no constitutional problem with the Act's incidental regulation of some wholly intrastate activity. *Id.*; *see Gonzales v. Raich*, 545 U.S. 1, 35 (2005) (Scalia, J., concurring) ("Where necessary to make a regulation of interstate commerce effective, Congress may regulate even those intrastate activities that do not themselves substantially affect interstate commerce."). Accordingly, we upheld SORNA's registration provision.

In his appeal, Terrell suggests that our court should revisit our commerce clause analysis in light of the Supreme Court's reasoning in *National Federation of Independent Business v. Sebelius*, 575 U.S. ---, 132 S. Ct. 2566, 2587-91 (2012). However, our court already has determined that nothing in *Sebelius* undermines our conclusions in *Howell* and *May*. *United States v. Anderson*, 771 F.3d 1064, 1070-71 (8th Cir. 2014), *cert. denied*, 575 U.S. ---, 135 S. Ct. 1575 (2015). Accordingly, we reject Terrell's commerce clause arguments.

For the foregoing reasons, we affirm the district court's denial of the motion to dismiss the indictment.

_____