# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1654
_____

United States of America

*Plaintiff   Appellee*

v.

Michael Joseph Zeroni

*Defendant   Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 13, 2020
Filed: April 8, 2020
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Michael Joseph Zeroni pled guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), and the district court[1] sentenced him to 37 months of imprisonment and ten years of supervised release. We affirm.

Because Zeroni was convicted of second degree indecency with a child in 1994, when the Sex Offender Registration and Notification Act ("SORNA") was passed in 2006, Zeroni was required to register as a sex offender under the Act. But when Zeroni took up residence in Missouri in 2016, he failed to register at the Missouri address in contravention of his SORNA obligation.

After Zeroni was indicted for this violation of SORNA under 18 U.S.C. § 2250(a), he filed a motion to dismiss. Zeroni argued that 34 U.S.C. § 20913(d), the provision of SORNA delegating authority to the United States Attorney General to determine which pre-SORNA convictions are included in the Act's registration requirements, was unconstitutional because it violated the nondelegation doctrine. Zeroni acknowledged his argument was as good as buried since it was foreclosed by Eighth Circuit precedent in *United States v. Kuehl*, 706 F.3d 917 (8th Cir. 2013). But he nonetheless wanted to preserve his claim pending the United States Supreme Court's decision in *Gundy v. United States*. Zeroni's appeal was premised on a hope that the Supreme Court's *Gundy* decision would exhume his argument by reversing our existing precedent. Ultimately, Zeroni's reasoning was rebuffed.

In *Gundy*, a plurality of an eight-member Supreme Court determined that "Section 20913(d)'s delegation falls well within permissible bounds" of the nondelegation doctrine. *Gundy v. United States*, 139 S. Ct. 2116, 2124 (2019). The delegation was deemed permissible because the Attorney General's delegated role was "limited," involving only the determination of how practically "to apply SORNA

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

to pre-Act offenders as soon as [the Attorney General] thought it feasible to do so." *Id.* at 2125. The plurality found that "because § 20913(d) does not give the Attorney General anything like the 'unguided' and 'unchecked' authority" Gundy had claimed, "the delegation in SORNA easily passes muster," and does not violate the nondelegation doctrine. *Id.* at 2123, 2129.

Because we are bound by the Supreme Court's holding in *Gundy* and our precedent in *Kuehl*, we must affirm the district court's denial of Zeroni's motion to dismiss.

_____