# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1694
_____

United States of America

*Plaintiff - Appellee*

v.

Allen Brooks, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: August 21, 2023
Filed: October 18, 2023
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM

Allen Brooks, Jr., was charged with violating the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a)(3), after he failed to notify local law enforcement in Missouri within three days of moving into the jurisdiction.

Brooks entered a conditional guilty plea, and the district court[1] sentenced him to 33 months' imprisonment, to be followed by a 20-year term of supervised release.

Prior to pleading guilty, Brooks moved to dismiss the indictment, arguing that (1) SORNA impermissibly delegates legislative authority to the Attorney General when it authorizes him to decide whether the statute applies to individuals convicted of a sex offense prior to its enactment; and, (2) SORNA is an improper exercise of Congress' Commerce Clause powers. See U.S. Const. Art. I, § 1 (Legislative Power Vested in Congress); id. at § 8, cl. 3 (Regulation of Commerce). Brooks concedes that his arguments are barred by existing precedent and the district court denied the motion. Brooks appeals raising the same grounds, which we review *de novo*. See United States v. Anderson, 771 F.3d 1064, 1066-67 (8th Cir. 2014) (we review *de novo* a defendant's challenge to the constitutionality of a statute and the denial of a motion to dismiss the indictment).

In Gundy v. United States, 588 U.S. ___, 139 S.Ct. 2116, 2129 (2019), a plurality of the Supreme Court held that SORNA's limited delegation of authority as applied to pre-Act offenders was not impermissible. See also United States v. Kuehl, 706 F.3d 917, 920 (8th Cir. 2013) ("We conclude that SORNA provides the Attorney General with an intelligible principle, and is a valid delegation of legislative authority."). In United States v. May, 535 F.3d 912, 921-22 (8th Cir. 2008), we held SORNA's criminal penalties are a valid exercise of the Commerce Clause. See also Anderson, 771 F.3d at 1069-71.

We are bound by these precedents, and we affirm.

_____

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.