# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2862
_____

United States of America

*Plaintiff - Appellee*

v.

Malik Reynolds

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 19, 2025
Filed: December 24, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and STRAS, Circuit Judges.
_____

PER CURIAM.

The district court[1] sentenced Malik Reynolds to 71 months in prison after he pleaded guilty to two felon-in-possession counts, one for a firearm that fell out of

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

his pocket and the other for ammunition he used during a shootout. *See* 18 U.S.C. § 922(g)(1). Although he challenges his convictions and sentence, we affirm.

We start with the facial constitutionality of the felon-in-possession statute, *see id.*, which he can raise despite his guilty plea, *see United States v. Nunez-Hernandez*, 43 F.4th 857, 860 (8th Cir. 2022). Our review is for plain error because he did not file a pretrial motion to dismiss or object at the plea hearing. *See United States v. Jennings*, 930 F.3d 1024, 1027 (8th Cir. 2019). Here, there was no error, plain or otherwise, because we have already rejected a challenge like this one. *See United States v. Clemons*, 155 F.4th 978, 981 (8th Cir. 2025); *see also Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

The first of Reynolds's two sentencing challenges is to the district court's decision to depart upward without providing "reasonable notice." Fed. R. Crim. P. 32(h). Once again, he did not object, so our review is for plain error. *See United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008). Here, any error did not affect a substantial right because the district court made clear it would have varied upward to reach the same sentence "under any circumstances, any calculation of the guidelines." *See United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012) (explaining that "any procedural error in granting an upward departure is harmless when the district court makes it clear that the sentence is also based on an upward variance"); *see also Irizarry v. United States*, 553 U.S. 708, 714–15 (2008) (holding that, unlike departures, variances do not require notice). Under these circumstances, there is no "reasonable probability" that the sentence would have been any lower without the alleged error. *United States v. Williams*, 910 F.3d 1084, 1094 (8th Cir. 2018) (citation omitted).

Nor is his 71-month sentence substantively unreasonable. The record shows that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

Among other things, it discussed his criminal history and various mitigating circumstances. The court did not abuse its discretion, even if he wishes it would have assigned more weight to some factors and less to others. *See Timberlake*, 679 F.3d at 1012 (explaining that the court has "substantial latitude to determine how much weight to give the various factors under § 3553(a)" (citation omitted)).

We accordingly affirm the judgment of the district court.

_____