# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1615

_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Scott Scanlan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: February 13, 2023
Filed: April 17, 2023
[Published]

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

_____

PER CURIAM.

Andrew Scott Scanlan, age 34, was sentenced to 840 months of incarceration following a guilty plea to two counts of producing child pornography (360 months each) and one count of committing an offense while a registered sex offender (mandatory minimum of 120 months). Scanlan's pornography production offense

involved the sexual abuse of his ten-year-old nephew and four-year-old niece. In addition to the incarceration, the district court[1] also imposed ten years of supervised release. As a special condition of the supervised release, the district court required that Scanlan not contact the victims or the victims' family without permission from his probation officer. Scanlan argues that the district court made three reversible errors during sentencing. Specifically, he asserts that (1) his lengthy sentence is substantively unreasonable; (2) the special condition of supervised release is not narrowly tailored and is not reasonably related to the goals of sentencing; and (3) the district court failed to make an individualized inquiry when crafting the special condition of supervised release. We affirm.

I. *Background*

The district court orally justified its sentence as follows:

Pursuant to the provisions of Title 18, United States Code, Section 3553, in determining the sentence that is appropriate, the Court needs to consider the nature and circumstances of the offense and the history and characteristics of the defendant. I have considered all of the factors under Section 3553(a), although it will not be necessary to address all of them in the process of explaining the sentence here today.

Mr. Scanlan, I understand you've got a rough background, and I understand you've been through a lot yourself, but you are a sexual predator. You're a dangerous guy, and you're a dangerous guy to vulnerable people.

The Court begins and almost ends with the seriousness of the offense. The offense involving the children that came from online sources is serious enough because it continues to do damage to those children, but what you did under the circumstances of this case so

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

fundamentally violated the trust of these good people and this child, these children, that the seriousness of the offense is overwhelming.

Anything I do today is going to apply to the deterrence of criminal conduct by others. I need to be concerned about protecting the public from further crimes that you might commit, and it's obvious in this record that there is a huge danger that you will commit further crimes, very serious crimes.

Accordingly, based upon the Court's review of the criteria set forth in Title 18, United States Code, Section 3553, and the unique circumstances of this case, it is the judgment of the Court that the defendant, Andrew Scott Scanlan, is hereby sentenced to the custody of the Bureau of Prisons for a term of 840 months, consisting of 360 months on each of Counts 2 and 3 consecutive and 120 months consecutive on Count 6.

R. Doc. 66, at 15:3–16:8. The district court also imposed a ten-year term of supervised release, projected to begin in 2080.

## II. *Discussion*

Because we hold that the district court did not abuse its discretion in either the length of the sentence or in imposing the challenged special condition of supervised release, we affirm.

### A. *Substantive Reasonableness of Sentence*

Scanlan first argues his within-Guidelines sentence is substantively unreasonable. We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard. *United States v. Stoner*, 795 F.3d 883, 884 (8th Cir. 2015). "An abuse of discretion is (1) failing to consider a relevant factor that should have received significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but in weighing them, committing a clear error of judgment." *Id.* Sentences

within the applicable Guidelines range may be presumed reasonable upon appellate review. *United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019) (per curiam). "It is the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Wisecarver*, 911 F.3d 554, 557 (8th Cir. 2018) (internal quotation marks omitted). The district court recounted the relevant factors and explained the weight it placed on each. Scanlan's case indeed involves a very high sentence; but given the offense conduct, the harm to the victims, and the need to protect the public outlined by the district court, it is not "the unusual case" warranting reversal. *See id.* The district court considered all the applicable § 3553(a) factors and committed no clear error of judgment in weighing them. Accordingly, we affirm the court's within-Guidelines-range sentence.

### B. *Special Condition of Supervised Release*

Scanlan next argues that the special condition of supervised release (1) is insufficiently narrowly tailored; (2) is unrelated to the familiar goals of sentencing; and (3) was imposed without an individualized inquiry. We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Jennings*, 930 F.3d 1024, 1026 (8th Cir. 2019). "District courts have wide discretion in imposing conditions of supervised release, so long as the conditions meet the requirements of 18 U.S.C. § 3583(d)." *United States v. Wroblewski*, 715 F.3d 701, 702 (8th Cir. 2013) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d) (requiring that conditions "involve[] no greater deprivation of liberty than is reasonably necessary"). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011) (internal quotation marks omitted).

-4-

The special condition Scanlan challenges reads, "You must not contact the victim(s), nor the victim's family without prior permission from the U.S. Probation Officer." R. Doc. 53, at 5. Scanlan argues that, as written, the special condition is not narrowly tailored because it could be read to prevent him from contacting members of his own family who are only distantly related to the victims. Because Scanlan's victims are his niece and nephew, there is familial overlap. Scanlan asks that the condition be amended to say "immediate" family. The government argues that "immediate" family is the most natural reading of the condition and concedes that, were the condition read and applied in a manner to include distant relatives of his victims, it would be insufficiently narrowly tailored. *See* 18 U.S.C. § 3583(d).

Scanlan's proposed reading of the release condition is not reasonable. The obvious intent of the condition is to prevent Scanlan from having unpermitted contact with both his victims and those so intimately connected to them that Scanlan indirectly victimized them. This includes the parents and siblings now shouldering not only the weight of ameliorating the physical and psychological trauma inflicted by Scanlan's abhorrent crimes on his victims but also their own psychological trauma. Given the facts of the case and those harmed by his conduct, the victims' "close" family—more than only immediate family, but less than distant shared relations—is the only reasonable meaning. Should the probation officer's implementation of that reading prove problematic when Scanlan's incarceration ends, the court supervising the case can address it at that time. If Scanlan then faces a "greater deprivation of liberty than is reasonably necessary," due to restrictions on family members he wishes to visit, 18 U.S.C. § 3583(d), he may renew his objection to the appropriate court at that time.

Scanlan further argues that the condition is unrelated to the familiar goals of sentencing. Not so. Preventing victims from experiencing repeated abuse or further psychological harm is reasonably related to the goals of sentencing. 18 U.S.C. § 3583(d)(1) (requiring special conditions be reasonably related to certain sentencing

factors, such as "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), and "the need . . . to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C)); *see also United States v. Forde*, 664 F.3d 1219, 1223–24 (8th Cir. 2012) (noting the Supreme Court's emphasis on a sentencing court's broad discretion in crafting special conditions of supervised release and the appropriateness of using "judicial common sense" when doing so); *United States v. Hobbs*, 710 F.3d 850, 853–54 (8th Cir. 2013) (upholding a special condition of supervised release requiring probation officer's permission before the defendant could contact his *own* children following conviction for possession of child pornography, even though the defendant had no history of sexually abusing minors). The condition protects Scanlan's victims and those closest to them from being revictimized upon his eventual release—a goal reasonably related to the appropriate sentencing factors.

## C. *Individualized Inquiry*

Finally, Scanlan argues that the district court failed to make an individualized inquiry into his case prior to imposing the special condition. To the contrary, as quoted above, the district court highlighted the hideousness and destructiveness of Scanlan's crimes. The district court concluded that Scanlan "fundamentally violated the trust of these good people and this child, these children." R. Doc. 66, at 15:19–20. The court's statement reflects its individualized inquiry into Scanlan's case and made a sufficient record of the court's thorough consideration of the circumstances.

## III. *Conclusion*

For the foregoing reasons, we affirm the district court's imposition of the special condition of supervised release as appropriately within its discretion and its imposition of an 840-month sentence as substantively reasonable.

_____