# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 22-2867

———————————————

United States of America

*Plaintiff - Appellee*

v.

Joshua Lee Powell

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa

——————————

Submitted: March 22, 2023
Filed: June 29, 2023

——————————

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Joshua Lee Powell pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court sentenced Powell to 142 months of imprisonment and 10 years of supervised release. As two of the conditions of supervised release, the district court prohibited Powell from possessing or using a "computer," as the term is defined in 18 U.S.C. § 1030(e)(1), and from

possessing or viewing visual depictions of sexually explicit conduct. On appeal, Powell challenges both special conditions.

We generally review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012). A district court may craft a special condition of supervised release that (1) is reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)–(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B)–(D); and (3) is consistent with pertinent policy statements the Sentencing Commission has set forth pursuant to 28 U.S.C. § 994(a). *See* 18 U.S.C. § 3583(d). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Scanlan*, 65 F.4th 406, 410 (8th Cir. 2023) (quoting *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011)).

We first consider the special condition regarding visual depictions of sexually explicit conduct. Powell argues the district court erred by failing to make individualized findings to impose the condition. At sentencing, Powell generally objected to the restriction because it encompasses adult pornography, but he concedes he did not object on the basis of lack of individualized findings. We therefore review this argument for plain error. *See United States v. Lee*, 553 F.3d 598, 600 (8th Cir. 2009). Under this standard of review, Powell must "show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jackson*, 33 F.4th 523, 528 (8th Cir. 2022) (quoting *United States v. Robertson*, 948 F.3d 912, 919 (8th Cir. 2020)).

Here, the challenged special condition provides that Powell cannot "view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any

photograph, artwork, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)." In support of his argument that the district court did not make individualized findings to impose this special condition, Powell points to *United States v. Bender*, 566 F.3d 748 (8th Cir. 2009). In *Bender*, we explained a "court may not impose a special condition on all those found guilty of a particular offense." *Id.* at 752 (quoting *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006)). Applying an abuse-of-discretion standard, we vacated a special condition banning "sexually stimulating materials" after concluding the district court's findings were "not sufficiently particularized to the defendant." *Id.* at 751–52.

In Powell's case, the district court discussed how, in its experience, people who have Powell's addiction initially search for adult pornography, which eventually "leads back to" searching for child pornography. But unlike in *Bender*, the district court here made particularized findings. The district court detailed how law enforcement discovered the child pornography tied to Powell—a cyber tip of an online networking platform containing child pornography and messages discussing the exploitation of children. The district court then discussed "the focused nature of" Powell's "collection" of 350 videos of child pornography, which indicated "time and energy being spent to curate"; Powell's internet search history; and the connection between using the Internet and accessing pornography. In addition, the presentence report detailed how some videos tied to Powell depicted adult pornography. Under these circumstances, we conclude the district court did not plainly err. *See United States v. Adams*, 12 F.4th 883, 889 (8th Cir. 2021).

We next turn to the special condition restricting Powell's use of computers. Powell argues the district court abused its discretion by imposing the special condition prohibiting him from possessing or using a computer because it involves a greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a). We review for abuse of discretion. *Schaefer*, 675 F.3d at 1124.

The challenged special condition provides: "You must not access the internet or possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, internet enabled cellular telephones, and other electronic communications or data storage devices or media without the prior approval of the U.S. Probation Officer." Powell points to the definition of "computer," arguing it is broad enough to cover "most electronic devices, even if they cannot be used to access illicit material." The government urges us to affirm, characterizing the purpose of the special condition as "limiting Powell's unsupervised use of the internet."

As noted, a special condition must involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B)–(D). 18 U.S.C. § 3583(d)(2). Those statutory purposes include the need "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)–(D). Again, the district court must make an individualized inquiry and sufficient findings on the record. *Scanlan*, 65 F.4th at 410.

We conclude the district court's findings do not adequately tie the special condition on computers to the statutory purposes. The plain language of the special condition does not limit the prohibition to possessing or using computers with internet access. Instead, the special condition uses the phrase "possess and/or use computers." It then defines "computers" via reference to 18 U.S.C. § 1030(e)(1). That statute, in turn, defines "computer" as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." 18 U.S.C. § 1030(e)(1). We have interpreted this definition as "exceedingly broad" and noted it does not "exclude devices because they lack a connection to the Internet." *United States v. Kramer*, 631 F.3d 900, 902–03 (8th Cir. 2011). And, in light of the use of this extraordinarily broad definition, the record does not contain sufficient findings tying the restriction to the statutory purposes.

-4-

Thus, we conclude the special condition results in a deprivation of liberty that is greater than reasonably necessary. *See* 18 U.S.C. § 3583(d)(2); *see also United States v. Cramer*, 962 F.3d 375, 383 (8th Cir. 2020) (characterizing the use of a computer as a basic liberty interest). Because we look to the actual terms of the condition imposed, the government's reliance on the asserted purpose of the special condition (rather than the text and the record) is misplaced. We conclude the district court abused its discretion and therefore vacate the special condition discussing computers. *See United States v. West*, 829 F.3d 1013, 1022 (8th Cir. 2016).

\*\*\*

We vacate the special condition on computers, affirm in all other respects, and remand for further proceedings in a manner not inconsistent with this opinion.

_____