# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2148
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Anthony Doolin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: March 17, 2023
Filed: July 11, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kyle Doolin pled guilty to one count of possession with intent to distribute a controlled substance (methamphetamine) near a protected location (Coe College) after having been previously convicted of a felony drug offense. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 851, and 860(a). Relying on two 1998 convictions

related to the possession and distribution of cocaine, the district court[1] determined Doolin was a career offender under United States Sentencing Guidelines Manual ("Guidelines") § 4B1.1(b)(1), increased Doolin's total offense level by nine levels, and sentenced him to 157 months of imprisonment. Doolin challenges application of the career offender enhancement and the reasonableness of his sentence.

The district court determined Doolin's Guidelines range was 157 to 196 months of imprisonment based on his total offense level and a category VI criminal history. Doolin argues his total offense level would be lower, resulting in a significantly lower sentence, absent the § 4B1.1(b)(1) enhancement. Doolin contends the two 1998 convictions should be considered a single conviction because the earlier state offense is merely relevant conduct for the federal conviction and the state conviction is outside the 15-year lookback period. Additionally, Doolin argues his sentence was greater than necessary when considering his struggles with substance abuse and poor health.

The district court sentenced Doolin to the bottom of the sentencing range. Nevertheless, it noted, "The defendant's criminal history is extremely troubling . . . . [H]e has 59 adult convictions. 9 of those were violent." The district court stated,

> It is one of the worst criminal histories I've seen as a judge. The defendant has earned the label of career offender in the commonsense term—or meaning of that term. In that vein, I would just note that if I was in error in my calculation of the defendant being a career offender under the guidelines, I would vary upward to the same level, finding that he should be at the same level as a career offender based on the extreme criminal history he has, even if I was wrong in the technicalities of the guideline calculation of whether he meets the definition of a career offender.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

The district court applied the career offender enhancement after determining the two convictions were separate based on an intervening arrest between the charges, which were filed separately in state and federal courts, resulting in separate sentencing dates. The district court also considered Doolin's argument about the age of the convictions, determining that although the records were "muddled," the government met its burden to show it was more likely true than not "the defendant had his parole revoked and he was sentenced for a period of time within the 15-year window applicable to the career offender status."

We discern no error in the district court's determinations. Nevertheless, we hold that even assuming the career offender enhancement was improper, it was harmless error. *See* Fed. R. Crim. P. 52(a). The enhancement increased Doolin's offense level under the Guidelines. However, even if the district court miscalculated Doolin's Guidelines sentence, we have said this is harmless error "when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." *United States v. Richardson*, 40 F.4th 858, 868 (8th Cir. 2022) (quoting *United States v. Martinez*, 821 F.3d 984, 988–89 (8th Cir. 2016)). Here the district court said that, based on Doolin's "extreme criminal history" and the sentencing factors of 18 U.S.C. § 3553(a), it would have imposed the 157-month sentence because "if I was in error in my calculation of the defendant being a career offender under the guidelines, I would vary upward to the same level." Accordingly, we find it "clear that the judge based the sentence . . . on factors independent of the Guidelines" and thus any miscalculation of Doolin's Guidelines sentence was harmless. *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *see also United States v. Williams*, 968 F.3d 907, 912 (8th Cir. 2020). Therefore, Doolin's challenge to the district court's application of a career offender enhancement fails.

Doolin also contends his sentence was unreasonable because the district court failed to grant him a downward variance based on his substance abuse issues and poor health. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Scanlan*, 65 F.4th 406, 409 (8th Cir. 2023); *but see United States v. Dailey*, 958 F.3d 742, 746 (8th Cir. 2020) ("Typically, we will not

-3-

review a district court's refusal to grant a downward departure."). Relevant here, a sentencing court does abuse its discretion by "failing to consider a relevant factor that should have received significant weight" or "considering only the appropriate factors but in weighing them, committing a clear error of judgment." *Scanlan*, 65 F.4th at 409 (quoting *United States v. Stoner*, 795 F.3d 883, 884 (8th Cir. 2015)). Yet, a within-Guidelines-range sentence is presumed reasonable. *Id.* And the "district court has 'wide latitude' in weighing the § 3553(a) sentencing factors." *United States v. Hamilton*, 46 F.4th 864, 871 (8th Cir. 2022) (quoting *United States v. Nguyen*, 829 F.3d 907, 925–26 (8th Cir. 2016)).

Doolin has not rebutted the presumption that his within-Guidelines sentence was reasonable. The district court took into consideration the mitigating factors presented by Doolin, including his substance abuse issues and poor health. The district court discussed the factors set forth in 18 U.S.C. § 3553(a), including its observations that Doolin's situation was not significantly mitigating to warrant a downward departure but would warrant adjusting the sentence to the bottom of the Guidelines range. "But 'simply because the district court weighed relevant factors . . . more heavily than [Doolin] would prefer does not mean the district court abused its discretion.'" *United States v. Sisk*, 999 F.3d 631, 636 (8th Cir. 2021) (ellipses in original) (quoting *United States v. Campbell*, 986 F.3d 782, 808 (8th Cir. 2021)). Under these circumstances, the sentence was not unreasonable, and we affirm the district court's within-Guidelines-range sentence.

_____