23-7630-cr
*United States v. Pick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **REENA RAGGI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.

**No. 23-7630-cr**

**Taylor Pick,**

> *Defendant-Appellant,*

**Jonathan Berretta, Maureen Serra,**
**Benjamin Downs, also known as Biff**

**Dover,**

     *Defendants.\**

_____

**FOR DEFENDANT-APPELLANT:**

        DANIEL S. NOOTER, Washington, D.C.

**FOR APPELLEE:**

        JUSTINA L. GERACI (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Taylor Pick appeals from an October 23, 2023, judgment (Azrack, *J.*) convicting him, after a guilty plea, of sexual exploitation of a child and conspiring to do so in violation of 18 U.S.C. § 2251(a), (e) and

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

sentencing him to 30 years' imprisonment followed by eight years of supervised release. Pick's offense conduct involved soliciting two co-defendants to produce child pornography with the children in their care as well as producing and distributing pornographic images of his then-three-year-old son.

On appeal, Pick challenges both the length and a condition of his supervised release as procedurally and substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

### I. Length of Supervised Release

Pick challenges his eight-year term of supervised release as procedurally and substantively unreasonable. The crux of his claim is that the district court failed to explain its decision to impose a term that was three years longer than the statutory minimum, and that such a term unduly restricts his liberty. We disagree.

We review preserved claims of procedural and substantive error in sentencing "under a deferential abuse-of-discretion standard." *United States v.*

---

[1] Since the Government concedes that Pick's plea agreement does not foreclose appellate review of the length and conditions of supervision, we do not reach Pick's alternative argument that the appeal waiver is unenforceable for lack of consideration.

3

*Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (quotation marks omitted).   However, because Pick did not contest the procedural reasonableness of his term of supervised release in the proceedings below, our review is for plain error.   *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).[2]   Under the plain error standard, Pick bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."   *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).   Here, we see no abuse of discretion, let alone plain error, in the district court's imposition of the eight-year term of supervision.

To begin, the procedural reasonableness inquiry considers "whether the sentencing judge has properly accounted for the factors that constrain its sentencing discretion."   *United States v. Kunz*, 68 F.4th 748, 759 (2d Cir. 2023).   In

---

[2] We have not yet "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence."   *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). Since Pick's substantive reasonableness challenge fails even under an abuse-of-discretion standard, we do not reach that question here.

4

imposing a term of supervised release, district courts must consider certain § 3553(a) sentencing factors, 18 U.S.C. § 3583(a), (c), including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need . . . to afford adequate deterrence" and to protect the public, *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021) (quotation marks omitted).

Pick claims procedural error because the district court did not justify the imposed term of supervision independent from the sentence. But no such error exists. "[U]nless retribution is the principal articulated basis for the sentence," we do not generally require a district court to provide separate reasoning for the length of supervised release in explaining its sentence. *See Williams*, 998 F.3d at 542. Rather, "in the absence of record evidence suggesting otherwise," we presume "that a sentencing judge has faithfully discharged her duty to consider the [applicable § 3553(a)] factors." *United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008).

Here, retribution was not the principal basis for the sentence, and no record evidence suggests that the district court failed to discharge its duty. The court imposed the eight-year period of supervised release after generally considering

5

the § 3553(a) factors.  As part of this analysis, it explained that Pick posed a unique threat to minors because he not only engaged in a "pattern of sexual exploitation," App'x at 80, but also "set the exploitation in motion," *id.* at 79.  It also emphasized the need for general and specific deterrence, noting that Pick had abused his role as caretaker to exploit his minor child.  The court then adopted a term of supervision three years above the statutory minimum just as Probation recommended.  *See* 18 U.S.C. § 3583(k).  This period was well below the life term authorized by statute and recommended by the Sentencing Guidelines.  *See id.*; U.S.S.G. 5D1.2(b)(2).  Thus, based on the court's reasoning as to Pick's overall sentence, there is more than an adequate basis to support the imposition of an eight-year term of supervised release.

Next, the substantive reasonableness inquiry "examines whether, after accounting for [the] constraints [on the district court's sentencing discretion]," the exercise of "its discretion can be located within the range of permissible decisions." *Kunz*, 68 F.4th at 759 (quotation marks omitted).  "Generally, we will only find substantive unreasonableness if the sentence is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (cleaned up).  For similar reasons as those we

6

articulated above, that is, the nature and circumstances of Pick's offense as well as the need to ensure public safety and achieve adequate deterrence, we cannot say this standard is met. The term's consistency with the Guidelines reinforces our conclusion. *See United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (explaining that, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances").

Pick's arguments to the contrary are unavailing. Even assuming, as Pick claims, that Probation's eight-year supervision recommendation was "tethered" to its recommendation of a 25-year prison sentence, Appellant Br. at 28, that does not constrain the court's discretion to weigh the sentencing factors differently and recalibrate the appropriate punishment. *See United States v. Rivera*, 96 F.3d 41, 43 (2d Cir. 1996) (noting that "the PSR is only a recommendation, and the defendant has no justifiable expectation that the recommendation will be followed"). Likewise, even assuming that the forensic-psychiatric evaluation report submitted by the defense after the PSR was finalized would have led Probation to recommend a lesser period of supervised release, the district court considered this report and still imposed an eight-year term. The court's decision to assign less

weight to the report than Pick would have preferred was well within its discretion.

Therefore, we conclude that Pick's eight-year term of supervision was both procedurally and substantively reasonable.

## II. Special Condition of Supervised Release

Pick also challenges the imposition of a special condition of supervised release prohibiting him from contacting the victims of the offense, including his son, without Probation's approval. He principally contends that, as applied to his son, this condition is both procedurally and substantively unreasonable because, by the time he is released, his son will be an adult, and there is no reason to cut off his access to his adult son. We reject these challenges as well.

As a threshold matter, the Government argues that Pick's challenge to the special condition is not ripe for appellate review. Gov't Br. at 42-45. We disagree.

"A case is ripe only when we can confidently say that (1) the issues are fit for judicial consideration and (2) withholding of consideration will cause substantial hardship to the parties." *United States v. Villafane-Lozada*, 973 F.3d 147, 150 (2d Cir. 2020) (cleaned up). Although Pick's challenge assumes that his son will be an adult by the time Pick is released from prison, that contingency is not so

8

"speculative" as to render his challenge unfit for review. *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020). In addition, since "the illegality of a condition of supervised release is not a proper ground for modification under 18 U.S.C. § 3583(e)(2), [Pick] has a legitimate interest in having this issue resolved now." *Villafane-Lozada*, 973 F.3d at 152 (cleaned up). Pick's challenge is therefore ripe for our review.

We turn, then, to the merits of Pick's appeal. First, because Pick had notice of the special condition and failed to object in the proceedings below, we review his procedural reasonableness challenge for plain error. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). Under this standard, we conclude that the imposition of the special condition as applied to Pick's son was procedurally reasonable.

"[F]or the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment . . . and state on the record the reason for imposing [the condition]." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (cleaned up). The court must "make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors." *Id.* The court must also consider whether a special

9

condition will impact a cognizable liberty interest and, if so, make "particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Id.* at 125. The failure to articulate this reasoning on the record is error. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). However, even "[i]n the absence of such an explanation," we may uphold the condition "if the district court's reasoning is self-evident in the record" and the conditions are "reasonably related to the sentencing objectives." *Id.* (cleaned up).

At sentencing, the district court did not explain its reasoning for imposing the special condition restricting contact with victims of the offense. However, the record shows that Pick "engaged his codefendants to exploit their children or the children in their care," and he received images of their abuse. App'x at 79. He also produced and distributed images of his then-three-year-old son with his genitals exposed "reaching out and touching the erect penis of an adult male." *Id.* For these reasons, the condition is necessary to protect the victims, including his son, from experiencing further sexual abuse or psychological harm. *See United States v. Scanlan*, 65 F.4th 406, 410-11 (8th Cir. 2023) ("Preventing victims from experiencing repeated abuse or further psychological harm is reasonably related

10

to the goals of sentencing."). To the extent that the need to prevent further childhood sexual abuse does not justify the condition as to his *adult* son, the risk of psychological harm does. The record evidence regarding the toll that Pick's conduct has taken on his elder children bolsters this finding.

Accordingly, we find that the district court's reasoning for imposing the special condition subjecting Pick's contact with victims, including his son, to Probation's approval was "self-evident in the record." *Betts*, 886 F.3d at 202. If, upon Pick's release, changed circumstances warrant lifting the restriction as to his son, Pick may seek a modification of the condition under 18 U.S.C. § 3583(e).

As for Pick's substantive reasonableness challenge, even assuming review under an abuse-of-discretion standard, *see Thavaraja*, 740 F.3d at 258 n.4, we conclude that the special condition is substantively reasonable as well.

As before, in evaluating the substantive reasonableness of a special condition of supervised release, we consider whether the district court "exceeded the permissible bounds of its discretion." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). "To be permissible, [a special condition] must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary." *Id.*

11

Because Pick instigated the sexual abuse of three minors and victimized his own son, the special condition is reasonably related to the applicable sentencing factors. In addition, to the extent that Pick relies on *United States v. Myers* to argue that the condition impermissibly burdens his due process right to family integrity, *Myers* recognizes that a parent's "constitutionally protected interest" in family integrity "is counterbalanced by the compelling governmental interest in the protection of minor children, *particularly in circumstances where the protection is considered necessary as against the parents themselves*." 426 F.3d 117, 125 (2d Cir. 2005) (emphasis added). Since Pick exploited his son, the Government's interest in protecting the child overrode his purported interest in family integrity. In this sense, the condition involves no "greater deprivation of liberty than reasonably necessary for the purposes of sentencing." *Id.* (cleaned up).

Thus, the district court's decision to impose the special condition restricting contact with victims of the offense, including as to Pick's adult son, "can be located within the range of permissible decisions." *Kunz*, 68 F.4th at 759 (quotation marks omitted).

\* \* \*

12

We have considered Pick's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the district court's imposition of (1) an eight-year term of supervised release, and (2) the special condition restricting contact with victims, including as applied to Pick's son.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court