# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-2677

———————————————

United States of America

*Plaintiff - Appellee*

v.

Johnnie Lewis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: November 17, 2025
Filed: February 6, 2026

——————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Johnnie Lewis pled guilty to possessing child pornography as a prior offender in violation of 18 U.S.C. § 2252A(a)(5)(B). As part of Lewis's sentence, the district court imposed a lifetime term of supervised release with a special condition preventing Lewis from possessing or using "computers," as defined by 18 U.S.C. § 1030(e)(1). Lewis appeals this special condition, and we vacate it and remand.

As a preliminary matter, the parties disagree on whether we should review the district court's imposition of the special condition for abuse of discretion or plain error. We need not resolve this dispute, however, because even under the more stringent plain error standard, the special condition must be vacated. "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (quoting *United States v. Crose*, 284 F.3d 911, 912 (8th Cir. 2002)).

"A district court has broad discretion to order special conditions of supervised release . . . ." *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009); *see also* 18 U.S.C. § 3583(d) (delimiting courts' authority to impose special conditions on supervised release). But we have repeatedly emphasized that any condition imposed must be "reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)"; "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)"; and be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Bender*, 566 F.3d at 751 (quoting *United States v. Mark*, 425 F.3d 505, 507 (8th Cir. 2005)); *accord United States v. Wallette*, 686 F.3d 476, 483 (8th Cir. 2012). Lewis argues the district court plainly erred by imposing the special condition because it "poses a greater deprivation of liberty than § 3583(d)(2) warrants." We agree.

District courts may fashion special conditions "to afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)–(D). "When crafting a special condition . . . , the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings . . . to ensure that the special condition satisfies the statutory requirements." *United States v. Powell*, 71 F.4th 1135, 1137 (8th Cir. 2023) (quoting *United States v. Scanlan*, 65 F.4th 406, 410 (8th Cir. 2023)). Put differently, our precedent clearly requires district courts to make factual findings

demonstrating that a special condition is reasonably necessary to serve the appropriate statutory purposes. This did not happen here.

For instance, the special condition states that Lewis "must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media without approval of the probation office." Section 1030(e)(1) defines "computer" as including any "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, . . . includ[ing] any data storage facility or communications facility directly related to or operating in conjunction with such device," except for "an automated typewriter or typesetter, a portable hand held calculator, or other similar device."

We noted — fifteen years ago — that this definition is "exceedingly broad," capturing "coffeemakers, microwave ovens, watches, telephones, children's toys, MP3 players, refrigerators, heating and air-conditioning units, radios, alarm clocks, televisions, and DVD players, in addition to more traditional computers like laptops or desktop computers." *United States v. Kramer*, 631 F.3d 900, 903 (8th Cir. 2011) (quoting Orin S. Kerr, *Vagueness Challenges to the Computer Fraud and Abuse Act*, 94 Minn. L. Rev. 1561, 1577–78 (2010)). Since then, technology has advanced and become ever more engrained in every aspect of life, and the sweep of this already broad definition has, as a result, only expanded. Consequently, cases where district courts could make factual findings supporting conditions as broad as the one at issue will be few and far between, and there are no such findings in the record here. "Thus, we conclude the special condition results in a deprivation of liberty that is greater than reasonably necessary." *Powell*, 71 F.4th at 1139. And because we have characterized "the use of a computer as a basic liberty interest," *id.* (citing *United States v. Cramer*, 962 F.3d 375, 383 (8th Cir. 2020)), the district court plainly erred by imposing the special condition on this record.

In its brief, the government contends that Lewis's past use of computers with an internet connection to access, download, and share child pornography supports

the special condition and that the resulting deprivation of liberty is not greater than reasonably necessary because Lewis may possess and use computers with prior approval from the probation office. We disagree. First, while Lewis's prior conduct may justify restricting his access to computers he could use to browse the internet, it does not support the broad condition the district court imposed here. *See, e.g.*, *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005) ("We are confident that the district court can impose a more narrowly-tailored restriction . . . ."); *United States v. Stults*, 575 F.3d 834, 856 (8th Cir. 2009) (holding a "special condition barring Internet access unless approved by the probation office is sufficiently tailored . . ."). Second, as Lewis points out, we have previously decided that a special condition nearly identical to the one at issue resulted in a greater deprivation of liberty than reasonably necessary, even though it allowed the defendant to "possess and/or use computers" if he obtained "prior approval of the U.S. Probation Officer." *Powell*, 71 F.4th at 1138–39.

For these reasons, we vacate the special condition preventing Lewis from possessing and using "computers," as defined by 18 U.S.C. § 1030(e)(1), and remand for further proceedings consistent with this opinion.

_____