United States Court of Appeals

For the Eighth Circuit

_____

No. 25-1990

_____

United States of America

*Plaintiff - Appellee*

v.

Louis James Swallow

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: June 8, 2026
Filed: June 25, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRASZ, Circuit Judges.
_____

PER CURIAM.

After Louis Swallow raped a thirteen-year-old girl, he pleaded guilty to committing sexual abuse. *See* 18 U.S.C. §§ 2242(3), 2246(2)(A), 1153. The district

court[1] calculated Swallow's recommended sentencing range to be 168 to 210 months in prison, but the court varied upward and imposed a sentence of 240 months. Swallow maintains on appeal that the sentence is substantively unreasonable. We affirm.

The sexual abuse with which Swallow was charged occurred one evening just a few weeks before he turned 21 years old. Swallow admitted at the time of his plea that he was at his girlfriend's house when the victim arrived there to drink alcohol. He went on to admit that, when she left to walk home, he followed her, "grabbed her near some trees, pushed her down, and vaginally raped her with [his] penis while holding her down." According to portions of a presentence report that Swallow does not dispute, he instructed her not to tell anyone about the incident. This wasn't the first time Swallow committed sexual abuse: The district court found on a sufficient record that about three years earlier Swallow choked and raped the mother of one of his children.

At the sentencing hearing, defense counsel requested a sentence at the bottom of the Guidelines range. She emphasized Swallow's youth, the prospect that rehabilitation and treatment would help him, and his difficult childhood. On the other hand, the government requested a sentence of 360 months, most notably because of the nature and circumstances of the offense and Swallow's history of abusive behavior. In fixing Swallow's sentence, the court explicitly mentioned some of the difficult circumstances Swallow had faced as a child, as well as some of the treatment programs that Swallow had previously participated in. But the court was troubled by the instant offense and Swallow's history of sexual abuse, and so it said that a 240-month sentence was appropriate to ensure the public's safety.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

On appeal, Swallow contends that the court gave too little weight to certain mitigating circumstances. For instance, he says that the court didn't give enough weight to his successful completion of one treatment program or to circumstances that might explain why he didn't complete other treatment programs, including that his aunt murdered his cousin and that he had attempted suicide. Swallow highlights other circumstances that he says the court didn't adequately consider, such as his violent surroundings, his youth, his willingness to participate in treatment, and his contrition.

We review Swallow's challenge to the substantive reasonableness of his sentence for an abuse of discretion. *See United States v. Scanlan*, 65 F.4th 406, 409 (8th Cir. 2023) (per curiam). "It is the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* This is not the unusual case. The district court gave an ample explanation for the conclusion that the circumstances of Swallow's offense and his history made an upward variance appropriate, weighing heavily the need to protect the public from additional offenses that Swallow might commit. *See* 18 U.S.C. § 3553(a)(2)(C). And after receiving a presentence report describing the mitigating circumstances Swallow emphasizes, and after listening to defense counsel discuss them at the sentencing hearing, the court addressed them when fixing the sentence. That the court didn't give them the weight that Swallow wishes isn't grounds for reversal. *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022). We see no abuse of discretion here.

Affirmed.

_____